46562. SHAHAN et al. v. SCOTT et al.
(377 SE2d 859)

MARSHALL, Chief Justice.

This case is here on certiorari. *Shahan v. Scott,* 189 Ga. App. 514 (376 SE2d 221) (1988). Certiorari was granted for the purpose of determining whether, under the service-of-process provisions of the Long Arm Statute, OCGA § 9-10-94, the mode of service of process utilized in a case must be authorized by the laws of the state in which service has been made.

However, the Long Arm Statute concerns the exercise of personal jurisdiction over non-residents. OCGA § 9-10-91. Here, the record shows that under unwithdrawn statements in the plaintiffs' pleadings, the defendants are alleged to be residents of Georgia and, therefore, must be treated as such. E.g., *Martin v. Pierce,* 140 Ga. App. 897, 898-899 (232 SE2d 170) (1977).

Service of process outside the state upon parties defendant who are state residents is subject to the service-of-process requirements of the Civil Practice Act, OCGA § 9-11-4, and not the Long Arm Statute. Cf. OCGA § 9-10-91, with OCGA § 9-11-4 (e)(2).

In this case, the Court of Appeals held that service of process was insufficient under both the Civil Practice Act and the Long Arm Statute, and, therefore, the trial court did not err in granting defendants' motion to dismiss for insufficient service of process.

---

We agree that service was insufficient under OCGA § 9-11-4 (e)(2), which is the provision in the Civil Practice Act which requires that service of process upon state residents located outside the state shall be made "in person."

As previously stated, the Long Arm Statute is inapplicable here by reason of the unwithdrawn allegations in the plaintiffs' complaint that the defendants are state residents. In this posture, we vacate the writ of certiorari, which was issued for the purpose of determining the now mooted question concerning the sufficiency of service under the Long Arm Statute. Further, the Court of Appeals' affirmance of the trial court's grant of the defendants' motion to dismiss for insufficient service of process remains undisturbed, since the sufficiency of service here is governed by the Civil Practice Act, and the Court of Appeals correctly held that service of process in this case was insufficient thereunder.

*Writ vacated. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Hill & Henry, William Ralph Hill, Jr.*, for appellants.
*Campbell & Campbell, Douglas M. Campbell*, for appellees.