## A95A2586. BROOKS v. YOUNG.
(467 SE2d 230)

Smith, Judge.

Vicky Young filed a complaint against Charity Dawn Brooks, a minor, on November 12, 1993, for injuries arising out of an automobile accident that occurred November 13, 1992. The summons and complaint, served only on Brooks, named only Brooks as a defendant and did not recite that she was a minor. Neither of her parents was served with a copy of the summons and complaint, she was not under the control of a guardian, and no guardian ad litem was appointed to represent her. On March 14, 1994, Brooks reached majority. The statute of limitation expired on November 13, 1994. OCGA § 9-3-33. On December 19, 1994, three days after Brooks filed a motion to dismiss or for summary judgment, Brooks was again served with a summons and complaint. Young dismissed the action on January 18, 1995 and refiled the action on January 27, 1995. Brooks filed a motion to dismiss or for summary judgment on the ground that service was not perfected on Brooks in the first action, and consequently, no valid prior action existed that could be dismissed and refiled pursuant to the renewal statute, OCGA § 9-2-61. The trial court denied the motion, finding the prior action to be voidable rather than void ab initio. According to the trial court, service on Brooks after she reached majority allowed renewal pursuant to OCGA § 9-2-61. We granted Brooks's application for interlocutory appeal, and we reverse.

At issue here is the construction of two statutes, the renewal statute, OCGA § 9-2-61 (a), and the statute regarding service on a minor, OCGA § 9-11-4 (d) (3). The former provides that an action dismissed by a plaintiff may be refiled either within the original statute of limitation or within six months after dismissal, provided the action was originally commenced within the applicable limitation period. The renewal "privilege" afforded by this statute does not extend to void cases but may be used if the prior action is merely voidable. *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). Young argues, relying in large part on *Hobbs*, that the original suit was merely voidable and can be renewed. Young ignores the focus of *Hobbs*: diligence in serving a renewed complaint. The Supreme Court stated in that case that diligence in a renewal action "must be measured from the time of filing the renewed suit" and added that "delay in service in a *valid* first action is not available as an affirmative defense in the renewal action." (Emphasis supplied.) Id. at 360-361.

Here, however, we are not asked to determine the diligence of a plaintiff when serving a renewed action. Instead, we must determine whether service was perfected in the *prior* suit and hence whether the suit was a valid action. A suit is valid only if "the declaration filed in the first instance [was] served upon the defendant." (Citations and

punctuation omitted.) *Osborne v. Hughes*, 200 Ga. App. 558, 559 (409 SE2d 58) (1991). If service is never perfected in the original suit, that suit is void, because "the filing of a complaint without perfecting service does not constitute a pending suit." 264 Ga. at 360.

OCGA § 9-11-4 (d) (3) provides that service on a minor be made by delivering the summons and complaint to the minor personally, "and also to his father or his mother or his guardian or his duly appointed guardian ad litem." When serving a minor, strict compliance with the statute is required, "since notice is the very bedrock of due process." (Citations and punctuation omitted.) *Lanier v. Foster*, 133 Ga. App. 149, 152-153 (2) (210 SE2d 326) (1974). Brooks, a minor at the time of the accident and at the time the summons and complaint were delivered to her, was the only defendant identified in the summons and complaint; neither of her natural parents was served, and no guardian ad litem was appointed to represent her.

Although Brooks was served the second time on December 19, 1994, after she reached majority, this service fell outside the limitation period. We find no authority to support any contention that her reaching majority and being served again after the statute of limitation expired somehow cured the defective service on her as a minor. Clearly, strict compliance with OCGA § 9-11-4 (d) (3) did not occur, and service was not perfected prior to expiration of the statute of limitation. Hence, the first suit was void. 264 Ga. at 360. No "valid" prior action existed which was renewable.

Finally, any suggestion that Brooks had "notice" because she had "knowledge" of the lawsuit is meritless. The language of OCGA § 9-11-4 (d) (3) is as "plain and unambiguous" as that found in subsection (d) (7), discussed in *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989). As in *Bible*, we find "no authority to dispense with the clear requirements of [OCGA § 9-11-4 (d) (3)] merely because the defendant may otherwise obtain knowledge of the filing of the action." Id.

No valid prior suit existed that Young could renew, because service was not perfected on Brooks within the applicable statute of limitation. The trial court therefore erred in denying Brooks's motion to dismiss or for summary judgment.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JANUARY 31, 1996 — 

*Bentley, Karesh & Seacrest, Gary L. Seacrest, Jeffrey P. Raasch,* for appellant.

*Murphy, Murphy & Garner, Stephen E. Garner,* for appellee.