A96A0530. LUDI v. VAN METRE.
(471 SE2d 913)

ANDREWS, Judge.

Pursuant to this Court's grant of his application for interlocutory review, Dr. Ludi appeals the trial court's denial of his motion to dismiss in Civil Action No. E-35041, filed as a renewal action of previously dismissed Civil Action No. E-31380.[1] The motion was based on the inapplicability of OCGA § 9-2-61, lack of personal service of the original action, and other grounds. We need consider only the personal service issue in the context of OCGA § 9-2-61 to conclude that the original suit was void and no renewal was possible under OCGA § 9-2-61. We reverse.

---

[1] Although referred to as a motion for summary judgment, a motion raising the defense of insufficiency of service of process is a plea in abatement and is not properly a basis for a motion for summary judgment. *Murray v. Sloan Paper Co.*, 212 Ga. App. 648, 649 (442 SE2d 795) (1994). Therefore, we consider the case as an appeal from denial of a motion to dismiss.

1. "When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service." *Murray v. Sloan*, supra at 649. Here, the evidence showed that on August 17, 1994, Mrs. Van Metre filed suit against Dr. Ludi, Dr. Seltman, and Internal Medicine Associates of Atlanta, P.C., alleging medical malpractice on behalf of her deceased husband who died while under Dr. Ludi's care on September 10, 1992.

Hasnain, a private process server authorized by court order to serve process, went to Dr. Ludi's office on August 22, 1994, within the statute of limitation, to serve him. Upon arriving at the office, he handed the complaint and summons to Ms. Lange. His affidavit states that "Ms. Lange is Dr. Ludi's Assistant and stated that Dr. Ludi was in surgery, but she was authorized to accept service of process on Dr. Ludi's behalf. Physicians, because of their schedules, often authorize their assistants to accept process on their behalf."

Dr. Ludi's affidavit stated that Ms. Lange was employed as a receptionist for Georgia Surgical Associates, P.C., which was not a party to the action, and her "duties are purely ministerial. She has no managerial duties whatsoever. [Ms.] Lange has not been formally designated as an agent for service of Georgia Surgical Associates, P.C., nor has she ever been authorized in any way to accept service on behalf of the corporation. . . . [Ms.] Lange has not been appointed as my agent for service, nor has she ever been authorized in any way to accept personal service on my behalf."[2]

After Dr. Ludi filed his motion for summary judgment in the original action, service was attempted again by Hasnain at Dr. Ludi's home around 9:40 p.m. on Halloween 1994, outside the statute of limitation. Although Dr. Ludi and his wife were home, they did not open the door. Hasnain left the complaint and summons on the porch and waited in his car until he saw Dr. Ludi open the door and retrieve it.

On November 16, 1994, Van Metre filed her "Voltary (sic) Dismissal, without prejudice to refiling her lawsuit, dismissing her case against Defendant . . . Ludi, M.D. only."

On December 15, 1994, Van Metre filed her complaint in the renewal action, Case No. E-35041, naming only Dr. Ludi as a defendant, since the original case against the other defendants was still pending. Dr. Ludi filed his motion in this case, contending that the statute of limitation expired on September 10, 1994, and he had never been properly served.

---

[2] While the return of service is prima facie proof of the facts cited therein, it is not conclusive and may be traversed by proof that such facts are untrue. *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995). Except for the issue of Ms. Lange's authority to accept service, the affidavits of Dr. Ludi and Hasnain regarding the facts of the attempted service are consistent.

2. OCGA § 9-2-61 (a) provides for renewal only where "any case" has been discontinued or dismissed by the plaintiff. Here, Van Metre did not dismiss all claims against all defendants, but did dismiss all claims against Dr. Ludi.

OCGA § 9-11-41 (a) provides that "an action may be dismissed by the plaintiff, without order or permission of court, by filing a written notice of dismissal at any time before the plaintiff rests his case." Thereafter, permission of the court and an order are required. Id.

The predecessor of OCGA § 9-11-41 was enacted originally in 1847, *Cox v. Berry*, 13 Ga. 306 (1853). It was and is a remedial statute and is to be liberally construed. *Chance v. Planters &c. Coop.*, 219 Ga. 1, 3 (131 SE2d 541) (1963); *Cox*, supra.

*Cox*, supra, concluded that, for purposes of the renewal statute, a "case" may be interpreted as other than a "suit or action," and stated that "[w]e are not held to a narrow and technical construction of this Act, but are bound to give effect to the manifest intention of the Legislature. It gives relief in any *case* which may be brought in any of the Courts of the State. That is, in all instances where the plaintiff is, in the exercise of a proper diligence, attempting by judicial proceeding, to assert his right and enforce his remedy." Id. at 309.

Therefore, here, all of Van Metre's "case" against Dr. Ludi was dismissed, leaving her cases against the other defendants remaining.[3] "The intent of the legislature in enacting OCGA § 9-11-41 (a) was to give a plaintiff an opportunity to escape from an 'untenable position' and relitigate the case, and thus there is no 'bad-faith exception' to the right to dismiss and later relitigate, despite inconvenience and irritation to the defendant. [Cit.]" *Lakes v. Marriott Corp.*, 264 Ga. 475, 476 (448 SE2d 203) (1994).

3. This, however, does not resolve the issue of the adequacy of service on Dr. Ludi in the original action. For the purpose of the renewal statute, the mere filing of the initial suit does not operate to toll the statute of limitation. In order for a case to qualify as a renewal action, "the earlier filing must have been a valid action, with proper service upon [defendant]." *Finch v. Weaver*, 213 Ga. App. 514, 515 (1) (445 SE2d 289) (1994); *Brooks v. Young*, 220 Ga. App. 47 (467 SE2d 230) (1996); *Wimberly v. Dept. of Corrections*, 210 Ga. App. 57, 58 (435 SE2d 67) (1993); *Osborne v. Hughes*, 200 Ga. App. 558, 559 (409 SE2d 58) (1991).

The cases relied upon by Van Metre deal with service under OCGA § 9-11-4 (d) (1) on a corporation. See, e.g., *Floyd v. Piedmont Hosp.*, 213 Ga. App. 749, 750 (1) (445 SE2d 844) (1994); *Murray v.*

---

[3] *Young v. Rider*, 208 Ga. App. 147 (430 SE2d 117) (1993) does not require a different conclusion. There, multiple plaintiffs were involved, not multiple defendants.

*Sloan Paper Co.*, supra; *Whatley's Interiors v. Anderson*, 176 Ga. App. 406 (2) (336 SE2d 326) (1985).

Even in the case of a corporation, it is necessary that the complaint and summons be delivered to a person "whose 'position is such as to afford reasonable assurance that he will inform his . . . principal that such process has been served upon him.' [Cit.] Thus, although it is not necessary for the person who is served to be an officer of the corporation, [cit.], service upon a mere receptionist will not suffice. [Cits.]" *Bowers v. Economation*, 208 Ga. App. 661, 663 (431 SE2d 420) (1993).

Here, in contrast, we are not dealing with service on a corporate agent, since Dr. Ludi's professional corporation was not named as a defendant in the original action.

OCGA § 9-11-4 (d) (7) requires that a complaint be served upon an individual "personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." See *Wahnschaff v. Erdman*, 216 Ga. App. 355 (454 SE2d 213) (1995).

The affidavit of Dr. Ludi regarding Ms. Lange's lack of authority to accept service for him or his corporation is unrefuted by Hasnain except for what Hasnain contended Ms. Lange said to him, which is hearsay and proves nothing. OCGA § 24-3-1; *Waddington v. Stores Mutual &c. Assn.*, 52 Ga. App. 331 (183 SE 143) (1935).

Disregarding the hearsay, there is nothing of record to prove personal service upon Dr. Ludi of the original action before the expiration of the statute of limitation. *Ameribank v. Quattlebaum*, 220 Ga. App. 345, 346 (1) (469 SE2d 462) (1996); *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989). That it was Hasnain's experience that other doctors often appointed their assistants as their agent for service does not prove Dr. Ludi did so. *Ameribank*, supra.

4. We need not consider the issue of whether the service attempted at the residence was adequate, since that service occurred outside the statute of limitation. *Brooks v. Young*, supra.

5. Additionally, the fact that Dr. Ludi may have received copies of the suit as a result of the first attempt at valid service or the Halloween attempt does not suffice. Id.; *Adams v. Gluckman*, 183 Ga. App. 666, 667 (1) (359 SE2d 710) (1987); *Bible v. Hughes*, 146 Ga. App. 769, 771 (3) (247 SE2d 584) (1978).

Therefore, the trial court erred in denying the motion to dismiss. *Yelle v. U. S. Suburban Press*, 216 Ga App. 46, 47 (453 SE2d 108) (1995).

*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED MAY 21, 1996.

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Stephen R. Chance*, for appellant.
*Eugene R. Kiser*, for appellee.