A97A0553. DRIVER et al. v. NUNNALLEE.
(487 SE2d 122)

SMITH, Judge.

Carolyn Driver and her husband filed an action against Emily Nunnallee alleging she negligently caused a vehicular collision, injuring Driver. The trial court granted Nunnallee's motion to dismiss or for summary judgment on the ground that service was never perfected on her. We agree and affirm.

The collision in this case occurred on February 14, 1992. Subsequent to the collision, Nunnallee moved from her Coweta County address to Atlanta and then, in February 1994, to Michigan. In January 1994, just prior to Nunnallee's move to Michigan, the Drivers filed a complaint against Nunnallee in Coweta County[1] alleging that Nunnallee was a citizen of Georgia and that she could be served at her address in Coweta County. Nunnallee was served with the complaint in March 1994 at her Michigan address. Nunnallee moved to dismiss for lack of personal jurisdiction, and in December 1994, the Drivers filed an amended complaint. That complaint alleged that Nunnallee was a citizen of Michigan and that she could be served pursuant to OCGA § 9-10-94. It is undisputed that Nunnallee was not personally served with the amended complaint; it appears only that the Drivers' attorney mailed a copy of the complaint to Nunnallee's attorney. The Drivers then dismissed the action without prejudice and filed this renewal action in April 1995.

---

[1] Driver also named Larry Nunnallee as defendant in the original action and the renewed action. He was dismissed without prejudice in the renewal action, however.

The trial court concluded that service of the first complaint was not proper under OCGA § 9-11-4 (e) (2), the amended complaint did not cure the defective service, and the renewal statute was not available to the Drivers. The court further concluded that the action was barred by the two-year statute of limitation pursuant to OCGA § 9-3-33. The Drivers appeal, contending the trial court erroneously concluded that service should have been perfected under OCGA § 9-11-4 (e) (2). They maintain that Nunnallee was not a Georgia resident who was simply out of the state when service was perfected but that she was a Michigan resident subject to service under the Georgia Long Arm Statute, OCGA §§ 9-10-90 to 9-10-94, and that they perfected service under this provision.

In addressing the threshold issue of whether service of the first complaint was proper under the Georgia Long Arm Statute or under OCGA § 9-11-4 (e) (2), we must look to the language of that complaint. *Shahan v. Scott*, 259 Ga. 172 (377 SE2d 859) (1989). Although the Drivers now contend that Nunnallee was a Michigan resident subject to service under the Long Arm Statute, the first complaint as served on Nunnallee did not allege that she resided in Michigan or that she was being served pursuant to the Long Arm Statute. It alleged that Nunnallee was a Georgia resident, and service of the complaint under OCGA § 9-11-4 (e) (2) was therefore required. *Shahan* at 172. That statute provides for personal service on a Georgia resident outside the state, provided certain conditions are met.[2] It is undisputed that those conditions were not met: No affidavit was filed showing that Nunnallee was a resident of Georgia but that service needed to be obtained outside the state, and no order was filed providing for personal service outside the state. Consequently, a valid action was not initiated by attempted service of the first complaint. See generally *Brooks v. Young*, 220 Ga. App. 47, 48 (467 SE2d 230) (1996); *Osborne v. Hughes*, 200 Ga. App. 558 (409 SE2d 58) (1991).

The Drivers attempt to distinguish *Shahan* on the basis that the address of the defendant as alleged in Shahan's complaint was never modified or amended, and plaintiffs therefore "had to stand on" their allegation of Georgia residence. According to the Drivers, they properly amended their complaint to reflect Nunnallee's status as a Michigan resident. Their amended complaint indeed recited that Nunnallee was a Michigan resident and that service could be made on her at

---

[2] Under OCGA § 9-11-4 (e) (2) the fact that the person to be served is a resident must be shown "by affidavit, to the satisfaction of the court." Furthermore, if "it shall appear, either by affidavit or by a verified complaint on file, that a claim is asserted against the person in respect to whom the service is to be made, and that he is a necessary or proper party to the action, the court may grant an order that the service be made by personal service outside the state. Such service shall be made by delivering a copy of the process together with a copy of the complaint in person to the persons served." Id.

her Michigan address. But the amended complaint, without proper service, could not cure the defective service of the first complaint. Because no proper service was perfected of the original complaint, it did not initiate a valid suit, see *Brooks*, supra, to which the amended complaint could "relate back." It was consequently incumbent on the Drivers to perfect service of the amended complaint within the statute of limitation. They failed to do so.

The amended complaint was never personally served on Nunnallee but was only mailed to her attorney. Although OCGA § 9-11-5 permits service of pleadings subsequent to the first complaint on a party's attorney, nothing in that provision allows for *service of process* on an attorney. Moreover, the amended complaint purporting to perfect service was filed December 4, 1994, outside the two-year statute of limitation provided for in OCGA § 9-3-33. Even assuming that service was perfected by mailing the amended complaint to Nunnallee's attorney, the suit remained invalid because service was not perfected within the applicable statute of limitation. See *Brooks*, supra at 48. It follows that the Drivers' action against Nunnallee was never a valid lawsuit, subject to renewal, id., and the trial court properly dismissed the action.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 28, 1997.

Before Judge English.

*Webb & Lindsey, Richard P. Lindsey, Eric K. Maxwell*, for appellants.

*Beck, Owen & Murray, Richard L. Collier*, for appellee.