A97A2184. ALLEN et al. v. KAHN et al.
(499 SE2d 164)

BLACKBURN, Judge.

Plaintiffs appeal the trial court's grant of defendants' motions to dismiss their claim due to improper service and process. For the reasons discussed below, we reverse.

Following an automobile accident on December 14, 1993, Marla Beth Shadburn was treated at Southern Regional Medical Center for her injuries. It is undisputed that plaintiffs subsequently filed a medical malpractice claim with regard to Shadburn's treatment against Southern Regional, Dr. William C. Land, Jr., Dr. Imtiaz A. Khan, Dr. Majed Zakaria, and Dr. Willie Cochran, Jr., on December 8, 1995, six days prior to the running of the statute of limitation on the claim. On December 11, 1995, plaintiffs attempted to serve the defendants by leaving process with Mary Wakem, a receptionist at Southern Regional. Each of the defendants subsequently filed a motion to dismiss based on insufficiency of service and process, contending that Wakem was not authorized to accept service for any of the defendants. Plaintiffs then had the defendants served again outside the statute of limitation. On the second service, Dr. Zakaria was personally served in the original action on March 19, 1996, Dr. Cochran was personally served on March 14, 1996, and Dr. Land was personally served on April 2, 1996. Substituted service was made on Dr. Kahn at his most notorious place of abode through delivery of process to his roommate on March 18, 1996, and Southern Regional was served through its registered agent on March 15, 1996. The validity of the second service was never disputed.

The trial court had not ruled on or held a hearing on defendants' motion to dismiss, as of April 3, 1996, when plaintiffs voluntarily dismissed their original action. Relying on the renewal statute, OCGA § 9-2-61, plaintiffs filed a second action on August 23, 1996. All defendants were served in the renewal action within the six-month renewal period.

The issue before us is whether the renewal statute was available to the plaintiffs in this case, where the defendants were not legally

served until after the expiration of the statute of limitation, but plaintiffs dismissed their complaint before the original trial court ruled on the reasonableness of such service.

Our Supreme Court has squarely addressed this issue, and we are required to follow its holding. See *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994). It has held that the renewal statute remains available to a plaintiff where, as here, the original action is filed prior to the running of the statute of limitation and proper service is not perfected on a defendant until after the expiration of such statute, *provided* that the plaintiff voluntarily dismisses the original action before the trial court rules that the case should be dismissed for lack of diligence in perfecting service, in which case the original action becomes void. Id. at 360. In *Hobbs*, two different suits were found to be subject to the renewal statute, and in both of them, service was not *attempted* until after the statute of limitation had run.

In such a case, where the issue is the *reasonableness of the service on defendant, outside the statute of limitation, of a timely-filed action*, the original action is not void, but is merely voidable and, therefore, subject to renewal. Our Supreme Court has held that such issue cannot be raised in the renewal action. "[A]ny delay in service in a valid first action is not available as an affirmative defense in the renewal action." Id. at 360-361.

It is a different circumstance where the issue is the authority of the person served to receive service, or other failures to follow statutory requirements as to service. Such circumstances address the validity of the service, rather than its reasonableness, as addressed in *Hobbs*. In such a situation, the fact that there has been one invalid service on the defendants does not necessarily preclude a subsequent valid service, outside the statute of limitation, which relates back to the timely-filed complaint.

The courts generally apply a diligence standard to plaintiffs who timely file their complaints but serve the defendants after the statute of limitation has run to determine whether late service relates back to the date of filing. See *Morse v. Flint River Community Hosp.*, 215 Ga. App. 224 (450 SE2d 253) (1994).

In Georgia, if a complaint has been timely filed, and is followed by diligent service, perfected as required by law, even though such service is outside the statute of limitation, it will relate back to the time of filing of the complaint. *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360) (1975); *McCane v. Sowinski*, 143 Ga. App. 724 (240 SE2d 132) (1977); OCGA § 9-11-4.

In *Dinkins v. Dependable Courier Svc.*, the case consolidated with *Hobbs*, supra, the "[p]laintiff . . . dismissed [her] first personal injury action against defendant . . . after the latter filed a motion [to dismiss] asserting the affirmative defense[ ] of improper service, but

prior to a ruling on the motion. Although service had been perfected, it had been accomplished long after the expiration of the statute of limitation. [Plaintiff] timely refiled [her] suit under OCGA § 9-2-61 (a) and served [defendant]." Id. at 361. Our Supreme Court held that the trial court properly denied defendant's motion for summary judgment which was premised on laches and the expiration of the statute of limitation defenses with respect to the original action. Id. at 362.

The Supreme Court specifically precluded consideration of the issue of the reasonableness of the service in the original action in the renewal action. It limits consideration of the reasonableness of service to that obtained in the renewal action. *Hobbs* does not, however, preclude consideration of the failure to properly serve a person authorized to receive service in either the original or the renewal action, unless waived by the party entitled to assert such defense.

The fact that the plaintiff dismisses its action prior to the trial court's ruling on a defendant's motion to dismiss *for failure to serve one authorized to receive service in the original action*, does not preclude such defendant from raising this issue in the renewal action. If such failure is shown, there was no valid service in the original action and it was void, not merely voidable, and the renewal action should be dismissed.

In the present case, the defendants mistakenly contend that, since they were not properly served in the original malpractice action until the statute of limitation had expired, the original action is invalid and not subject to renewal. Defendants rely on *Brooks v. Young*, 220 Ga. App. 47 (467 SE2d 230) (1996); *Ludi v. Van Metre*, 221 Ga. App. 479 (471 SE2d 913) (1996); and *Driver v. Nunnallee*, 226 Ga. App. 563 (487 SE2d 122) (1997) as authority for their position.

In summary, in *Brooks*, the minor defendant Brooks was served within the statute of limitation by plaintiff Young, but her minority was not recognized, and her parents were not served, there being no guardian. The following sequence of events then occurred: Brooks attained majority; the statute of limitation expired; Brooks filed a motion to dismiss based on the invalid service upon her as a minor; *Young re-served Brooks as an adult*; prior to the court ruling on defendant's motion to dismiss, Young voluntarily dismissed the action; Young then refiled the action under the renewal statute and served Brooks; Brooks refiled her motion to dismiss which the trial court denied; and on Brooks' appeal, this Court reversed the trial court's ruling. This Court held: "No valid prior suit existed that Young could renew, because service was not perfected on Brooks *within the applicable statute of limitation*." (Emphasis supplied.)

In the *Brooks* opinion however, this Court ignored the *second* valid service on December 19, 1994 after the defendant had attained adulthood on March 14, 1994. The statute of limitation expired on

November 13, 1994, approximately one month prior to the second service. Then, on January 18, 1995, the plaintiff dismissed the action prior to any ruling on service in the original action and refiled pursuant to the renewal statute on January 27, 1995. On these facts, *Brooks* incorrectly held that the plaintiff's original action was void and not subject to renewal. *Brooks* states, in part, "[a]lthough Brooks was served the second time on December 19, 1994, after she reached majority, this service fell outside the limitation period." Id. However, Georgia law does not require that *service* be perfected within the statute of limitation on a timely-filed action. See OCGA § 9-11-4; *Childs v. Catlin*, supra; *McCane v. Sowinski*, supra.

*Brooks* therefore clearly involved the issue of the *timeliness* of the second service in the original action. Such issue could not be raised in the renewal action under our Supreme Court's holding in *Hobbs*. This is clear from the quotation from *Hobbs* contained in *Brooks*. The *Brooks* court stated "the focus of *Hobbs* [is] diligence in serving a renewed complaint. The Supreme Court stated in that case that diligence in a renewal action must be measured from the time of filing the renewed suit and added that *delay in service in a valid first action is not available as an affirmative defense in the renewal action*." (Punctuation omitted; emphasis supplied.) *Brooks*, supra. While diligence in serving a renewed complaint was certainly integral to the holding in *Brooks*, it was no more so than that case's pivotal distinction between void and voidable cases with regard to the renewal statute. As such, *Hobbs* cannot be limited to the focus described in *Brooks*, as the holding in the former was considerably broader.

We overrule *Brooks* to the extent that it holds that there can be no valid service of an original action outside the statute of limitation.

While *Ludi* was properly decided, it relied, in part, on the incorrect language of *Brooks*, and must be limited to that extent. In *Ludi*, the plaintiff filed a medical malpractice action against the defendant on August 17, 1994. A private process server served the defendant's receptionist on August 22, 1994. The statute of limitation on the plaintiff's claim ran on September 10, 1994. When the validity of the original service was raised, the private process server again sought to serve the defendant on October 31, 1994. He left the summons and complaint on the defendant's porch and waited in his car until he saw the defendant open the door and retrieve it. The plaintiff then dismissed her original action on November 16, 1994, and refiled pursuant to the renewal statute on December 15, 1994. This case turned on the question of whether or not this action constituted personal service, a different issue than is involved in the present case. This Court held that ultimately there had been no valid personal service and therefore the plaintiff's case was void and could not be renewed.

However, relying on the language in *Brooks*, the *Ludi* opinion stated that service occurring outside the statute of limitation need not be considered in determining whether an action is void or voidable for purposes of the renewal statute. *Ludi*, supra at 482 (4). This statement, however, contradicts the law of *Hobbs*, as discussed above. As such, we must disapprove of Division 4 in *Ludi* to the extent that it states that service occurring after the statute of limitation need not be considered in determining whether a case is void or merely voidable for purposes of the renewal statute.

Finally, *Driver*, though distinguishable on its facts and rightly decided, unnecessarily relies on language in *Brooks* and must be limited to that extent. That case involved a collision between two autos owned by Georgia citizens on February 14, 1992. Plaintiffs therein filed their complaint in January 1994. However, plaintiffs did not obtain service on the defendant prior to her February 1994 move to Michigan, and the statute of limitation ran before defendant was served with the original complaint at her Michigan address in March 1994. The original complaint contended that defendant was a Georgia resident. Therefore, service under OCGA § 9-11-4 (e) (2) was required. While the Drivers ultimately amended their complaint to allege that defendant was a resident of Michigan subject to service under the Long Arm Statute, such amended complaint was never served on defendant. It is undisputed that no affidavit was filed in connection with the complaint, showing that defendant was a Georgia resident, but that service needed to be obtained outside Georgia, and no order was filed providing for personal service outside Georgia, as required by OCGA § 9-11-4 (e) (2). Accordingly, the trial court properly dismissed the complaint. There was no issue for the court to resolve concerning the invalid service. No renewal action was involved in *Driver*. Therefore, as with *Ludi*, we must limit *Driver* to the extent that it relies on the language of *Brooks*, which states that valid service in an original action cannot be had outside the statute of limitation.

Therefore, contrary to *Brooks*, *Ludi*, and *Driver*, the holding of *Hobbs* cannot be limited to diligence in perfecting service of a renewed action or consideration of service occurring prior to the statute of limitation with regard to the availability of the renewal statute. This conclusion is supported by our Supreme Court's recent opinion in *U. S. Fidelity &c. Co. v. Reid*, 268 Ga. 432 (491 SE2d 50) (1997). In *Reid*, plaintiff served her uninsured motorist carrier after the statute of limitation had run on her claim, voluntarily dismissed her case, and refiled under the renewal statute. Holding that the plaintiff's case could be renewed, the Supreme Court held, "Reid's previous suit clearly was not 'wholly void,' since service in that case was perfected and the trial court did not enter an order of dismissal." Id.

at 433, citing *Hobbs*, supra. Thus, it is evident that service both before and after the statute of limitation must be considered when determining whether a plaintiff may avail himself of the renewal statute.

The special concurrence argues that Brooks was a minor at the time of suit and plaintiff was required to strictly comply with the service requirements on a minor. While this is true, it ignores the fact that Brooks attained majority prior to the expiration of the statute of limitation and was served within a month of the running of such statute, while an adult, and the reasonableness of such service was never ruled on by the trial court in the original action. For the reasons outlined above, a prior invalid service does not preclude a later valid service, and *Hobbs* precludes a review of such service in the renewal action.

The special concurrence further contends that plaintiff must show reasonable and diligent efforts to perfect service outside the five-day period outlined in OCGA § 9-11-4 (c). The special concurrence states that the plaintiff in *Brooks* also had "the corresponding requirement that a plaintiff show reasonable and diligent efforts to perfect service outside the five-day period, an *obligation that does not arise only upon expiration of the statute of limitation*." OCGA § 9-11-4 (c) provides in part "but failure to make service within the five-day period will not invalidate a later service." The special concurrence relies on *Devoe v. Callis*, 212 Ga. App. 618, 620 (442 SE2d 765) (1994). *Devoe* involved the grant of summary judgment to defendant where the complaint was filed one day before the expiration of the statute of limitation and service was not accomplished until 81 days after the running of such statute. The trial court in the original action granted summary judgment to defendant. *Devoe* did not involve a renewal action. It therefore has no application to the present case. If the analysis of the special concurrence is correct, then a plaintiff's case could be dismissed for failure to be reasonably diligent in serving the defendant even within the statute of limitation.

It is unnecessary, however, to even address whether or not plaintiff's service on defendant in *Brooks* was reasonable, as *Hobbs* specifically precludes such inquiry. In *Hobbs*, a case in which service was not even attempted until after the statute of limitation had run, the court held that where a plaintiff timely files its complaint, and *service* is obtained *outside the statute of limitation*, the plaintiff may dismiss the action and file a renewal action provided it does so prior to the trial court ruling on the reasonableness of such service in the original action.

That is exactly what happened in *Brooks*, and under *Hobbs*, the reasonableness of the service in the original action cannot be attacked in the renewal action. Therefore, the special concurrence's

argument that the original service in *Brooks* was not reasonable is precluded by the Supreme Court's holding in *Hobbs*.

*Judgment reversed. Andrews, C. J., McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson, Ruffin and Eldridge, JJ., concur. Smith, J., concurs specially. Beasley, J., concurs in the judgment only.*

SMITH, Judge, concurring specially.

I agree with Judge Blackburn that *Brooks v. Young*, 220 Ga. App. 47 (467 SE2d 230) (1996), should be overruled to the extent it holds that there can be no valid service of an original action outside the statute of limitation. This was an overbroad statement of the law, given the special circumstances present in *Brooks*. Not only was Brooks a minor at the time of suit and therefore protected by the "strict compliance" required in serving a minor, id. at 48, but the suit against her had been pending for over a year before expiration of the statute of limitation. Plaintiff failed to ascertain Brooks's legal status or properly serve her for over one year after suit commenced. *Brooks* therefore involved not only the general rule that the five-day period for service under OCGA § 9-11-4 (c) is not absolute, *Childs v. Catlin*, 134 Ga. App. 778 (216 SE2d 360) (1975), but also the corresponding requirement that a plaintiff show reasonable and diligent efforts to perfect service outside the five-day period. *Devoe v. Callis*, 212 Ga. App. 618, 620 (442 SE2d 765) (1994). A plaintiff's obligation to ascertain the correct facts necessary for service of a defendant does not arise only upon expiration of the statute of limitation. Id. at 619. To the extent, however, that any language in the opinion appeared to state as a general proposition that there can be no valid service of an original action outside the statute of limitation, it was incorrect and should be overruled.

DECIDED MARCH 20, 1998

*Ham, Jenkins, Wilson & Wangerin, Kevin A. Wangerin*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Dennis G. Lovell, Jr.*, for appellees.