A01A2102. TRENT v. FRANCO et al.
(558 SE2d 66)

ELDRIDGE, Judge.

This is an appeal from a grant of defendant Stephanie Franco's motion to dismiss plaintiff Tara Trent's renewal action, which motion was based upon the alleged failure to properly serve Franco in the original personal injury action. In this same appeal, Trent also challenges the trial court's grant of summary judgment to Franco's stepfather, Jose Cabrera, on a theory of negligent entrustment. Upon review, we reverse the judgment of the court below granting Franco's motion to dismiss the renewal action; however, we affirm the trial court's grant of summary judgment to Cabrera.

The record shows that on November 21, 1996, Franco, an unlicensed 14-year-old, took the keys to her stepfather's, defendant Jose Cabrera's, car without permission. She drove it to the Winn-Dixie grocery store on Highway 29 in Lilburn. While attempting to park in an angled parking space from the wrong direction, Franco struck the outside of the opened door of Trent's car in the adjoining space. Trent was standing between the door and the car frame; she was injured in the collision. The record establishes that while Franco was a "problem child" who had been in trouble with the police prior to the incident, she had never driven her stepfather's car before and had never before been involved in "automobile-related problems."

Trent's original complaint for damages, Civil Action No. 98-C-

---

[6] *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971); *Campbell v. State*, 215 Ga. App. 14, 16 (4) (449 SE2d 366) (1994).

6438-1, was filed in the State Court of Gwinnett County on November 16, 1998. The complaint alleged that both Franco and Cabrera live in Gwinnett County. Franco was personally served at her Gwinnett County home at 789 Sunfield Drive on November 17, 1998, and she gave the complaint to Cabrera who forwarded such on to his insurance company. On December 17, 1998, a timely answer and demand for jury trial were filed on behalf of both Franco and Cabrera. Franco was then personally served at 789 Sunfield Drive on March 17, 1999, and filed a responsive amended answer on March 24, 1999.

Eight months later, in December 1999, Franco filed a motion to dismiss, claiming that, as a minor defendant, service had not been perfected pursuant to OCGA § 9-11-4 (d) (3),[1] because a parent or legally appointed guardian had not been served in addition to Franco as required by the statute. Trent then attempted to serve Franco's mother, Germania Cabrera, at 789 Sunfield Drive. However, upon such attempt, it was discovered that Franco, her mother, and Jose Cabrera had moved from 789 Sunfield Drive in Gwinnett County and now resided in their native Dominican Republic.

Trent hired a private investigator who located the family in Santiago, Dominican Republic. In a pleading and supporting affidavit filed in response to Franco's motion to dismiss, Trent asserted that the defendants were no longer residents of Georgia, but resided in the Dominican Republic. Therein, Trent expressed an intent to serve Germania Cabrera by publication. Such service was agreed to in a letter from Franco's attorney.

Shortly thereafter, another affidavit was filed asserting that Franco and the Cabreras are residents of the Dominican Republic and that Germania Cabrera, Franco's mother, would be served in the Dominican Republic pursuant to the Long Arm Statute so as to complete the service requirements of OCGA § 9-11-4 (d) (3). It is undisputed that on February 3, 2000, Trent had Franco's mother served with a copy of the complaint by a licensed process server in the Dominican Republic. The return of service on Franco's mother is a part of the record in the original action. On February 8, 2000, following service of Franco's mother and prior to a ruling on Franco's motion to dismiss for failure to serve her mother, Trent voluntarily dismissed the original complaint without prejudice.

Less than a month later, on March 1, 2000, Trent refiled her complaint under OCGA § 9-2-61, the Renewal Statute, as Civil Action No. 00-C-1456-1. On March 16, 2000, Franco, her mother, and

---

[1] The 2000 amendment, Ga. L. 2000, p. 1225, § 1, redesignated subsection (d) as subsection (e); however, for purposes of this opinion, we will refer to subsection (d).

Cabrera were served in the Dominican Republic with copies of the renewed complaint. Franco then filed a motion to dismiss the renewal action, claiming the original action was "void" because Trent failed to amend her original complaint to allege that Franco was no longer a Georgia resident and therefore amenable to service under the Georgia Long Arm Statute, OCGA § 9-10-94.

The trial court agreed and dismissed Trent's renewal action as grounded on an improper original complaint; the court specifically found that

> Plaintiff failed to amend the Complaint in the original action to reflect that Defendant Stephanie Franco would be served through her mother by way of the Long Arm Statute. OCGA § 9-10-91. Service on Stephanie Franco in the original action was not proper and a proper suit was not initiated.

In addition, the trial court granted summary judgment to Jose Cabrera on Trent's theories of recovery premised on negligent entrustment and the Family Purpose Doctrine. This appeal resulted. *Held*:

1. The trial court granted Franco's motion to dismiss Trent's renewal action because of the alleged failure to effect proper service of the original complaint on her mother as required by OCGA § 9-11-4 (d) (3). In that regard,

> [t]he renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. The "privilege" of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable. The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void.[2]

Thus, service issues in renewal actions can engender considerable

---

[2] (Citations and punctuation omitted.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

confusion.[3] This is so because of the difficulty in distinguishing between an action wherein a "defect" in service is amendable on the pleadings, rendering an otherwise valid action only voidable — and an action wherein the "defect" is the absence of service, itself, rendering an action "wholly void" since the trial court never obtained jurisdiction over the party due to such failure of service.[4] No confusion presents itself in the instant case, however, since, in the original action, service on minor defendant Franco was perfected pursuant to the requirements of OCGA § 9-11-4 (d) (3). The trial court's finding to the contrary was premised on two incorrect determinations as follows.

(a) In an unexplained bit of reasoning, the trial court determined that the service on Franco's mother which is required by OCGA § 9-11-4 (d) (3) was actually service on defendant Franco, herself, "through" her mother. We disagree.

"Where statutory language is plain and unequivocal and leads to no absurd or impracticable consequence, the court has no authority to place a different construction upon it."[5] OCGA § 9-11-4 (d) (3) provides in pertinent part that service of process in a case involving a minor defendant must be "to the minor, personally, *and also* to such minor's father [or] mother."[6] Accordingly, the plain wording of the statute does not support the trial court's determination that the minor is the one actually being served "through" service on the parent. Instead, the personal service required on a minor is separate and distinct from the service required on her parent, which parental service is for purposes of notice, only.[7] Thus, the trial court's finding that Franco, herself, was being served "through" the service on her mother is error as a matter of law. Here, service of the original action as required by OCGA § 9-11-4 (d) (3) was made by personal service of the original complaint to then Georgia resident Franco and, thereafter, perfected by personal service of the original complaint made to

---

[3] See, e.g., *Allen v. Kahn*, 231 Ga. App. 438 (499 SE2d 164) (1998) (disapproving three decisions of this Court for failure to recognize that, in a renewal action, valid service may be had in the original action outside the statute of limitation).

[4] *Malave v. Allstate Ins. Co.*, 246 Ga. App. 783, 786 (541 SE2d 420) (2000).

[5] (Citation omitted.) *State v. Johnson*, 269 Ga. 370, 372 (1) (499 SE2d 56) (1998).

[6] (Emphasis supplied.) OCGA § 9-11-4 (d) (3). Hereinafter, reference under the statute will be to a "parent," although service may also be accomplished upon a legal guardian or guardian ad litem.

[7] See Ga. L. 1966, p. 609, § 4; *Outlaw v. Outlaw*, 121 Ga. App. 284, 285 (2) (173 SE2d 459) (1970); *Collins v. Collins*, 148 Ga. App. 103, 104 (1) (250 SE2d 870) (1978) (such " ' "notice is the very bedrock of due process" ' "); accord *Negelow v. Mouyal*, 178 Ga. App. 53 (342 SE2d 14) (1986); *Lanier v. Foster*, 133 Ga. App. 149, 152-153 (210 SE2d 326) (1974); *Harvey v. Harvey*, 147 Ga. App. 154 (2) (248 SE2d 214) (1978); see also *Smith v. Brooks*, 247 Ga. App. 831, 832 (545 SE2d 135) (2001) (parent-child relationship does not render parent liable for the tort of minor child).

Franco's nonresident mother in the Dominican Republic.

(b) The trial court determined that the original complaint should have been amended to reflect that Franco was no longer a Georgia resident and was amenable to service under the Georgia Long Arm Statute[8] in order to serve Franco's mother thereunder.[9] We disagree.

Defendant Franco had already been personally served in Gwinnett County with the original complaint before she moved to the Dominican Republic. Thus, whether or not Franco was amenable to service of the original complaint under the Long Arm Statute is irrelevant.[10] The service in dispute is on Franco's nonparty mother, Germania Cabrera, and it is Mrs. Cabrera's residency that is at issue for purposes of proper service on her of the original complaint, regardless of where Franco resided at the time of such service.[11]

Here, the original complaint did not mention Germania Cabrera or her residency. There was no statement of residence in the original complaint regarding nonparty Germania Cabrera to "amend" in order to reflect her amenability to service under the Long Arm Statute. Moreover, the evidence before the trial court was that Germania Cabrera had moved from the State; thus, such evidence — uncontradicted by any prior statement in the original complaint — was put before the court which caused the pleadings to be amended to conform with the evidence. OCGA § 9-11-15 (b). Amendment of the original complaint in order to reflect *Franco's* status as a nonresident would not affect the manner of service upon her nonparty *mother* for purposes of the notice required by OCGA § 9-11-4 (d) (3).[12] Further, even if amendment to the pleadings had been necessary, such would have been an "amendable defect" appearing on the complaint, rendering the original valid action voidable and not "wholly void" due to the absence of service, itself.[13]

For these reasons, the trial court incorrectly determined that Franco was not properly served with the original complaint pursuant

---

[8] OCGA § 9-10-90 et seq.

[9] Notably, Franco does not claim that service upon her mother was otherwise improper under the Long Arm Statute. Indeed, she concedes that such service was "reasonable." She states only that service under the Long Arm Statute would not be proper unless the original complaint was amended to assert that *Franco* was no longer a resident of Georgia.

[10] Compare *Shahan v. Scott*, 259 Ga. 172 (377 SE2d 859) (1989) (use of Long Arm Statute to serve *defendant* in another state is improper when complaint specifically alleges that *defendant* is a Georgia resident); accord *Driver v. Nunnallee*, 226 Ga. App. 563 (487 SE2d 122) (1997).

[11] A minor and her parent may reside separately.

[12] Contrary to Franco's contentions at trial, Germania Cabrera was not a Georgia resident at the time of service and was not identified as such; thus, service under OCGA § 9-11-4 (e) (2) would have been inappropriate as applying only to *residents* of Georgia who are out of state at the time of service.

[13] *Malave v. Allstate Ins. Co.*, supra at 786; *Hobbs v. Arthur*, supra at 359-360; *Hedquist v. Merrill Lynch &c.*, 272 Ga. 209, 212 (3) (528 SE2d 508) (2000).

to OCGA § 9-11-4 (d) (3), and dismissal of the renewal action was error.

2. Trent challenges the trial court's granting of summary judgment to Jose Cabrera on Trent's claim of negligent entrustment.[14] Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[15] In this case, the facts and the law support the grant of summary judgment to Cabrera.

Liability for negligent entrustment is predicated upon "a negligent act of the owner in lending his automobile to another to drive, with actual knowledge that the driver is incompetent or habitually reckless."[16] Here, the record contains no evidence either that Cabrera lent his automobile to Franco or that he had knowledge that Franco was an incompetent or habitually reckless driver. The record establishes that Franco took the car without permission and had never done so before, thereby precluding any knowledge on Cabrera's part.

Further, despite Trent's claims to the contrary, we do not find that Franco's prior, nonautomobile-related "troubles" with the police can forge the knowledge required for negligent entrustment. Nor do we find that the "conflict" between Franco's deposition testimony that she took the car keys without permission from her mother's *dresser* and Cabrera's deposition testimony that Franco took the car keys without permission from her mother's *purse* creates a disputed issue of material fact so as to require jury resolution.[17] Accordingly, the award of summary judgment was appropriate.

*Judgment reversed as to the grant of the motion to dismiss. Judgment affirmed as to the grant of summary judgment. Case remanded. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 19, 2001.

*William W. Gardner*, for appellant.

*Cooper & Makarenko, Gary M. Cooper, William Z. Meadows*, for appellees.

---

[14] Trent also proceeded against Cabrera under the Family Purpose Doctrine, but does not make argument or cite authority with regard to the grant of summary judgment thereon.

[15] OCGA § 9-11-56 (c).

[16] (Punctuation omitted.) *Pague v. Pendley*, 177 Ga. App. 573, 575 (3) (340 SE2d 190) (1986).

[17] See, e.g., *Bruno's Food Stores v. Taylor*, 228 Ga. App. 439, 442 (491 SE2d 881) (1997).