## A03A1246. WALKER v. AUTO-OWNERS INSURANCE COMPANY.
### (583 SE2d 215)

PHIPPS, Judge.

The trial court found insufficient service of process in Bertha Walker's complaint against Auto-Owners Insurance Company and dismissed it without prejudice. She appeals, but because service was not made in accordance with OCGA § 9-11-4, we affirm.

1. Auto-Owners has moved to dismiss the appeal because Walker's brief was untimely and did not meet the requirements of the Rules of the Court of Appeals. We exercise our discretion to consider the merits of her appeal despite her violation of our rules[1] and deny Auto-Owners's motion.

2. Walker filed her complaint, pro se, on April 30, 2002. Auto-Owners answered and counterclaimed on August 26, asserting the

---

[5] *Cavin v. Brown*, 246 Ga. App. 40, 44 (4) (538 SE2d 802) (2000).
[1] See *Jones v. State of Ga.*, 241 Ga. App. 768, 769 (1) (527 SE2d 611) (2000); *Ray v. Ford Motor Co.*, 237 Ga. App. 316-317 (514 SE2d 227) (1999).

defense of insufficient service of process. Walker filed an "objection," claiming that Auto-Owners had been properly served and that she was entitled to a default judgment against it. Auto-Owners then moved to dismiss the complaint for insufficient service of process, and the court granted its motion.

Walker claims that she properly served Auto-Owners under OCGA § 9-11-5 (b) by mailing a copy of the summons and complaint to its attorney. But OCGA § 9-11-5 (b) pertains to service of pleadings *after* the original complaint; it does not allow a complaint to be served on the defendant's attorney.[2] Apparently referring to a previous lawsuit that she had filed against Auto-Owners, Walker argues that her complaint was "not the first filing for this case." But Walker's previous lawsuit does not change the fact that her complaint was the first filing in *this* case and had to be served in accordance with OCGA § 9-11-4. Because Walker failed to properly serve Auto-Owners under OCGA § 9-11-4, the trial court did not err by dismissing her complaint.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JUNE 5, 2003.

Bertha Walker, *pro se.*
Alexander & Vann, William C. Sanders, for appellee.

---

[2] See *Driver v. Nunnallee*, 226 Ga. App. 563, 565 (487 SE2d 122) (1997).