**SECOND DIVISION
MERCIER, C. J.,
MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**January 17, 2024**

# In the Court of Appeals of Georgia

A23A1550. SHARPE v. MCCARTNEY.

HODGES, Judge.

Plaintiff Lytwania Sharpe appeals the superior court's order granting defendant Kimberly McCartney's motion for summary judgment and dismissing Sharpe's purported renewal action alleging excessive force by a police officer. Sharpe contends the court improperly concluded that her action was not renewable under OCGA § 9-2-61 (a) (the "renewal statute"), arguing that a federal court's dismissal of her original action due to a lack of diligence in perfecting service was "without prejudice" and did not address the merits. We find no error and affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We

review the trial court's ruling on a motion for summary judgment under the de novo standard of review, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Jenkins v. Keown*, 351 Ga. App. 428, 429 (830 SE2d 498) (2019).

The relevant facts are not in dispute. The case arises out of a series of events that occurred in Brunswick, Georgia, on April 20, 2019, when Sharpe was arrested by McCartney, then a City of Brunswick police officer. On April 19, 2021, Sharpe filed her initial complaint in the United States District Court for the Southern District of Georgia, alleging several claims against McCartney and the City of Brunswick.[1] Under Fed. R. Civ. P. 4 (m) and 6 (a) (1), Sharpe had until July 19, 2021 to serve the defendants.[2] The following undisputed facts are taken from the federal court's dismissal order:

---

[1] The City of Brunswick was dismissed from the federal action and is not a party to this superior court action or this appeal. The underlying facts of the claims are not relevant for purposes of this appeal.

[2] Fed. R. Civ. P. 4 (m) gives a party 90 days after the complaint is filed to serve a defendant. Fed. R. Civ. P. 6 (a) (1) (C) states that if the 90-day period falls on a weekend or legal holiday, the period runs until the "end of the next day that is not a Saturday, Sunday, or legal holiday." Since Sharpe's 90 days would have expired on Sunday, July 18, 2021, she had until July 19, 2021 to serve the defendants. Sharpe does not dispute the district court's calculations.

On July 21, 2021, two days after the initial service deadline, Plaintiff filed a returned summons executed by Defendant City of Brunswick showing that Defendant City of Brunswick was successfully served on July 16, 2021. Plaintiff, did not, however, serve Defendant McCartney at that time, even though the original ninety-day deadline of Rule 4 (m) had expired. Instead, on that same day, Plaintiff filed a motion for an extension of time to serve Defendant McCartney, which the Court granted because it found good cause since Defendant McCartney moved out of the District, changed her name, and left her previous place of employment. The Court gave Plaintiff forty-five additional days from the date the Order was issued, July 27, 2021, to serve Defendant McCartney. So, Plaintiff then had until September 10, 2021, to serve Defendant McCartney.

But Plaintiff did not serve Defendant McCartney by September 10, 2021. Instead, on that same day, Plaintiff filed a second motion to extend time for service, still alleging that Defendant McCartney left her previous employer but adding that "Plaintiff hired a private investigator who has furnished an address to Plaintiff's counsel *today*." The Court determined that even in the absence of good cause, an additional forty-five-day extension was warranted because Plaintiff required the help of a private investigator to locate Defendant McCartney, and because Plaintiff was then, according to her own motion, in possession of Defendant McCartney's address. So, after the Court's second extension of time to serve, Plaintiff had until November 5, 2021, to serve Defendant McCartney.

However, Plaintiff still failed to serve Defendant McCartney by the third deadline. Despite the original ninety-day period imposed by Rule 4 (m), and the Court's two forty-five-day extensions, Plaintiff still failed to serve process on Defendant McCartney within the requisite time. Additionally, despite having done so on two prior occasions, Plaintiff did not even seek a fourth deadline by requesting a third extension of time to serve process on Defendant McCartney. Plaintiff simply let the third deadline expire. Defendant McCartney was eventually served personally with the original complaint on March 4, 2022, approximately 318 days after Plaintiff filed her original complaint, and approximately 120 days beyond the last extended deadline to serve. Plaintiff has yet to serve, or even attempt to serve, Defendant McCartney with the amended complaint.

On March 21, 2022, Defendant McCartney filed a motion to dismiss by special appearance under Federal Rule of Civil Procedure 12 (b) (5), arguing Plaintiff never properly served her pursuant to Federal Rule of Civil Procedure 4 (m). Defendant McCartney then amended her motion to dismiss to add the argument that Plaintiff's amended complaint fails to state a claim under Federal Rule of Civil Procedure 12 (b) (6) because it is a shotgun pleading under Federal Rule of Civil Procedure 8 (a). (Citations omitted.)

On November 3, 2022, the federal court granted McCartney's motion and dismissed without prejudice Sharpe's claims against McCartney, specifically finding that Sharpe

4

failed to serve McCartney pursuant to Federal Rule of Civil Procedure 4 (m) and did not show good cause for that failure. In fact, the court noted that Sharpe "[did] not even attempt to argue there [was] good cause for a post hoc extension of time to serve[,]" and the court exhaustively detailed all of the facts surrounding Sharpe's purported attempts to serve and requested extensions of time.

On December 7, 2022, Sharpe filed the present action in Glynn County Superior Court against McCartney, claiming it is a renewal action. McCartney subsequently filed a motion for summary judgment, arguing that Sharpe's suit was not a properly filed renewal action because Sharpe did not perfect service in the initial action and the federal court's order dismissing the initial federal action for failure to properly serve rendered the action void and not subject to renewal. The superior court granted McCartney's motion for summary judgment and dismissed the present action. Sharpe appeals this ruling.

As a threshold matter, OCGA § 9-2-61 provides as follows:

(a) When any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced … either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . ; provided, however, if the dismissal or

5

discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

. . .

(c) The provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state.

According to Sharpe, the renewal statute applies in this case because her initial action was filed within the statute of limitation, she served Sharpe, and the federal court's dismissal without prejudice was not an adjudication on the merits. These arguments are unavailing.

This case is controlled by the Supreme Court of Georgia's decision in *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994). *Hobbs* held that "[t]he renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits." Id. at 360. The *Hobbs* court was clear, however, that the renewal statute does not apply "to cases decided on their merits or to void cases[,]" and "[a] suit is . . . void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized." Id.

"[U]nless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void." Id.

Sharpe cites a number of decisions, including *Hobbs*, holding that a delay in service in the original action is not available as an affirmative defense or relevant in the renewal action. In all of her cited decisions, however, the plaintiffs voluntarily dismissed their original actions prior to the trial court dismissing them. See, e.g., *Robinson v. Boyd*, 288 Ga. 53, 55-56 (2) (701 SE2d 165) (2010) (holding that untimely service of process is an inapplicable defense in a renewal action where the plaintiff voluntarily dismissed his original action and timely served defendants in his renewal action); *Hobbs*, 264 Ga. at 361 (concluding that the renewal statute applied in two consolidated cases where plaintiffs effected service after the expiration of the statute of limitation but voluntarily dismissed their original actions prior to the original courts ruling on the defendants' motion to dismiss or for summary judgment based on improper service); *Allen v. Kahn*, 231 Ga. App. 438, 438-439 (499 SE2d 164) (1998) (finding that the renewal statute applied where the defendants were not legally served in the original action until after the expiration of the statute of limitation, but the

plaintiffs dismissed their complaint before the original trial court ruled on the reasonableness or validity of such service).

This case presents a much different scenario. Here, the federal court issued an extremely thorough 19-page order dismissing Sharpe's original action — based on her lack of diligence in perfecting service on McCartney — prior to Sharpe filing her purported renewal action in superior court. The cases cited by Sharpe actually contemplated this exact situation:

> [T]he renewal statute remains available to a plaintiff where, as here, the original action is filed prior to the running of the statute of limitation and proper service is not perfected on a defendant until after the expiration of such statute, *provided* that the plaintiff voluntarily dismisses the original action before the trial court rules that the case should be dismissed for lack of diligence in perfecting service, in which case the original action becomes void.

(Emphasis in original.) *Allen*, 231 Ga. App. at 439. In fact, in *Hobbs*, our Supreme Court noted that the renewal statute does not apply "if there has been a judicial determination that dismissal is authorized." *Hobbs*, 264 Ga. at 360. Other cases have used similar language. For example, the Supreme Court concluded in *United States Fidelity & Guar. Co. v. Reid*, 268 Ga. 432, 432-433 (491 SE2d 50) (1997), that the

8

renewal statute applied because service in the original action had been perfected, albeit after the statute of limitation had expired, "*and the trial court did not enter an order of dismissal.*" (Emphasis supplied). And this Court held in *Tate v. Coastal Utilities*, 247 Ga. App. 738, 740 (1) (545 SE2d 124) (2001), that the renewal statute did not apply "[b]ecause there had been a judicial determination that dismissal was authorized[.]"

Sharpe argues that the federal court's dismissal was not an adjudication on the merits because the dismissal was "without prejudice." In support of this argument, she cites *Chance v. Planters Rural Tel. Co.*, 219 Ga. 1, 4 (131 SE2d 541) (1963), for the following proposition: "[T]he fact that one is involuntarily dismissed rather than voluntarily dismissing his suit is of no consequence so long as the grounds for dismissal do not go to the merits of the case." Her reliance on *Chance* is misplaced. In *Chance*, the plaintiff conceded that venue was not proper in his original action and authorized opposing counsel to prepare an order for the judge dismissing the case for want of prosecution. Id. at 2. The plaintiff then refiled the action in the appropriate venue. Id.

First of all, *Chance* was decided prior to *Hobbs* and numerous other decisions concluding that the renewal statute does not apply "if there has been a judicial

9

determination that dismissal is authorized." *Hobbs*, 264 Ga. at 360; see also *Reid*, 268 Ga. at 433. This specifically includes a dismissal by the original court for a lack of diligence in perfecting service. *Allen*, 231 Ga. App. at 439. Second, the *Chance* case was decided using a prior version of the renewal statute that provided: "*If a plaintiff shall be nonsuited*, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." (Emphasis supplied.) *Chance*, 219 Ga. at 3; see Ga. Code Ann. § 3-808 (1933). In 1967, the statute was amended and the language "if a plaintiff shall be nonsuited" was deleted. Ga. L. 1967, pp. 226, 244, § 39. Third, *Chance* addressed the applicability of the prior renewal statute when the original court dismisses the action, with the plaintiff's agreement, based on a lack of venue; the case specifically did not address "averments relating to lack of service." 219 Ga. at 5.

In addition, subsection (c) of OCGA § 9-2-61 does not support Sharpe's argument that the federal court's dismissal was not an adjudication on the merits. The plain words of that subsection indicate that the renewal provision applies "if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state." OCGA § 9-2-61 (c). That

is not the situation presented in this case, and the subsection does not negate the Supreme Court of Georgia's case law concluding that OCGA § 9-2-61 (a) does not apply to cases dismissed on their merits or to void cases. See, e.g., *Hobbs*, 264 Ga. at 360. In fact, this Court previously has decided the issue adversely to Sharpe:

> Although the federal court apparently entered an order dismissing the action without prejudice, it did not do so because subject matter jurisdiction was lacking, but because service had not been timely perfected. Since the original court had ruled adversely to [Sharpe] on the reasonableness of service prior to the filing of the subsequent lawsuit, [Sharpe] could not avail [herself] of the renewal statute.

*Tate*, 247 Ga. App. at 741 (1).

Here, the federal court issued an extremely thorough dismissal order, with highly detailed findings, expressly deciding that Sharpe failed to show due cause or the exercise of diligence in attempting to effectuate service on McCartney. Had Sharpe filed a voluntary dismissal before the federal court issued its dismissal order, this case would be in a different procedural posture and the renewal statute might well apply, but Sharpe may not wait until the original court dismisses her case for lack of diligent service within the applicable statute of limitation and then re-file a complaint in an

attempt to overcome the dismissal of her original action. Once the federal court dismissed Sharpe's original action for lack of diligence in perfecting service, the original action became void and not subject to renewal. See *Allen*, 231 Ga. App. at 439; see also *Lathan v. Hosp. Auth. of Charlton County*, 343 Ga. App. 123, 132 (1) (805 SE2d 450) (2017) (concluding that an original lawsuit was void because service was not properly perfected, and a void suit cannot be renewed). We agree with the superior court that Sharpe's present action is not a valid renewal action, and we affirm the superior court's grant of summary judgment to McCartney.

*Judgment affirmed. Mercier, C. J., and Miller, P. J., concur.*