## 66995. POWER v. MOBLEY.

Pope, Judge.

In February 1976 appellee filed suit against appellant and one Bland, alleging that the fraudulent misrepresentations made by the individual defendants had induced appellee to buy a certain vehicle owned by Bland and sold on consignment through appellant's company, Jere Power Carland, Inc. Contrary to the alleged misrepresentations, the vehicle was not free of encumbrances and was later repossessed and sold to satisfy the debt to the holder of the unrevealed security interest. Service of process could not be effected upon Bland as he had moved and could not be served. The return of service upon appellant, however, reflected that he was served on February 25, 1976 by leaving a copy of the petition and summons with his wife at his place of residence.

No answer or responsive pleadings were filed on appellant's behalf. On November 1, 1976, after the case was submitted to a jury in Gwinnett Superior Court, a verdict for appellee was returned in the amount of $6,000 actual damages and $15,000 punitive damages. Following the entry of judgment and through 1978, actions for garnishment were filed against appellant seeking to satisfy the judgment. Garnishment proceedings were again brought in the fall of 1982. On December 8, 1982 appellant filed a motion to set aside the November 1, 1976 judgment pursuant to OCGA § 9-11-60 (d) on the ground that the court lacked personal jurisdiction due to a failure of service of process. After hearing and presentation of evidence, appellant's motion was denied based upon the trial court's conclusion that the motion was "barred by the equitable defense of laches."

1. Appellant enumerates as error the trial court's stated basis for the denial of his motion to set aside, the principle of laches. We are constrained to agree that the procedural posture of this case precludes the denial of the motion on this ground alone.

Appellant's motion to set aside for lack of personal jurisdiction pursuant to OCGA § 9-11-60 (d) was the proper vehicle for attacking the November 1, 1976 judgment. Appellant based such attack upon his assertion of insufficiency of service of process and presented his wife's testimony that she had not received service of process at all in the action brought by appellee against her husband and Bland. Appellee relied upon the return of service itself, and, because the deputy sheriff whose signature appeared thereon had died a short period of time prior to the filing of appellant's motion to set aside, the testimony of the officer whose duty it was to make the actual entry indi-

cating service onto the court's records from the information provided in the deputy's reports. Additionally, the officer testified from her personal knowledge as to the deceased deputy's reputation for conscientious service of process. As the trier of fact in this instance and the judge of the credibility of the witnesses, the trial court could have found the service to have been sufficient based upon the evidence. See *Patterson v. Coleman*, 252 Ga. 152 (311 SE2d 838) (1984); *Williams v. Mells*, 138 Ga. App. 60 (225 SE2d 501) (1976), and cases cited therein. See also OCGA § 9-11-4 (d); *Mason v. Fisher*, 143 Ga. App. 573 (1) (239 SE2d 226) (1977). However, although authorized to deny the motion to set aside based upon sufficiency of service of process and appellant's subsequent default in his defense of the suit, there is no such authorization for grounding the ruling solely on the principle of laches, at least without first deciding the issue of the sufficiency of service of process. "A judgment void because of lack of jurisdiction of the person . . . may be attacked at any time." OCGA § 9-11-60 (f).[1]

We are aware that "[a] motion to set aside a default judgment pursuant to [OCGA § 9-11-60 (d)] does not come within the ambit of [OCGA § 9-11-52] and, thus, the trial court was not required to enter findings of fact or conclusions of law. [Cits.]" *Emery Enterprises v. Automatic Fasteners Div.*, 155 Ga. App. 24 (1) (270 SE2d 261) (1980). However, in this case it is apparent from the trial court's order as well as the transcript that the ruling was incorrectly based upon the doctrine of laches. "Ordinarily, a judgment right for any reason must be affirmed, but where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error." *Smith v. Helms*, 140 Ga. App. 267, 269 (231 SE2d 778) (1976). Accord, *Ayers v. Yancey Bros. Co.*, 141 Ga. App. 358 (2) (233 SE2d 471) (1977). For the foregoing reasons, we must remand this case to the trial court for judgment to conform with this opinion.

2. Appellant's remaining enumeration of error asserts that the motion to set aside should have been granted because appellee's suit was properly brought against the corporation, Jere Power Carland, Inc., rather than against appellant Power as an individual. This enumeration is without merit because evidence outside the record would be necessary to develop appellant's assertion that he was, at all pertinent times, acting only in his corporate capacity as president of Jere Power Carland, Inc. Cf. *Gilham v. Stamm & Co.*, 117 Ga. App. 846 (162 SE2d 248) (1968). To allow such evidence would be in contraven-

---

[1] We note that, of course, where jurisdiction is found, the principle of waiver by nonaction may be applied. See *Allen v. Alston*, 141 Ga. App. 572 (2) (234 SE2d 152) (1977); *Vanguard Diversified, Inc. v. Institutional Assoc.*, 141 Ga. App. 265 (1) (233 SE2d 247) (1977). See also *Camp v. Fidelity Bankers Life Ins. Co.*, 129 Ga. App. 590 (1) (200 SE2d 332) (1973).

tion of OCGA § 9-11-60 (d) which provides that "[a] motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. . . ." See generally *Prudential Timber &c. Co. v. Collins*, 155 Ga. App. 492 (1) (271 SE2d 43) (1980).

*Judgment reversed with direction. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 8, 1984.

*Anthony O. L. Powell*, for appellant.
*Bryan M. Cavan*, for appellee.