## A89A1820. DUE WEST ASSOCIATES, INC. v. RENFROE MINING & GRADING COMPANY, INC.
### (391 SE2d 13)

BEASLEY, Judge.

The trial court refused to set aside a default judgment, on the ground of insufficient service of process, which had been entered in favor of plaintiff Renfroe. The question on appeal is whether the trial court erred as a matter of law in finding as fact that the person who accepted service for the corporation was at that time the secretary/treasurer and managing agent. Service upon him in either capacity would fulfill the requirement. OCGA § 9-11-4 (d).

When a question of fact must be resolved in order to determine the validity of a claim of insufficient service which is the basis for a motion to set aside under OCGA § 9-11-60 (d), the trial court is the factfinder. *Power v. Mobley*, 170 Ga. App. 167, 168 (1) (316 SE2d 580) (1984). The challenger's burden is heavy, as "[t]he return can be set aside only 'upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.' [Cits.]." *Norman Svc. Indus. v. Lusty*, 168 Ga. App. 164, 165 (1) (308 SE2d 411) (1983). The appellate court must uphold the findings unless they are clearly erroneous or are not supported by the evidence. *Northwestern Nat. Ins. Co. v. Kennesaw Transp.*, 168 Ga. App. 701, 703 (309 SE2d 917) (1983).

The court based its finding on two underlying facts. One was that the General Corporate Information Database maintained by the Georgia Secretary of State listed the person as the secretary/treasurer. The other was that the person served told the process server, according to the latter's affidavit, that he was an officer and could accept service.

Defendant Due West claims that there is uncontradicted evidence that the person served had resigned earlier as officer and employee, so that it was established fact that he was not an actual agent, and that the court was bound to so find. It attacks the findings relied on by the trial court as being legally defective.

The court regarded the database information as reliable evidence that the person was the stated officer when served, citing OCGA § 14-2-6 (a). That section was changed in 1988 and now appears as OCGA § 14-2-127: "A certificate attached to a copy of a document filed by the Secretary of State, bearing his signature, which may be in facsimile, and the printed or embossed seal of this state is prima-facie evidence that the original document has been filed with the Secretary of

State." Thus there was some evidence that the person served was the officer at the time the corporate annual report was made in accordance with OCGA § 14-2-1622. It does not follow that he was an officer on October 23, 1987, when served. There was no evidence of this alleged fact. Since corporations are not required to keep the registration information current if changes in personnel are made during the year, it cannot be inferred that because the person was secretary/treasurer when the annual report was filed, he still held that office on October 20 or 23.

The court also considered as evidence the process server's affidavit which stated that Kyle "told [the process server] he was an officer of that Corporation and that he could accept service of the Complaint." Based on this, the court found that Kyle identified himself as an officer and as the managing agent in charge of the office and stated he could accept service. First, the extrapolation of fact is not supported by the affidavit. Second, the hearsay is not admissible. *News-Press Pub. Co. v. Kalle*, 173 Ga. App. 411 (1) (326 SE2d 582) (1985).

As in that case, Kyle by affidavit denied both that, at the time of service, he held office and was an agent. The corporation also submitted evidence that Kyle had tendered his resignation on September 15, 1986, that he was not installed as an officer or director as of June 19, 1987, and that he was at the time of service employed by another corporation which shared office space with defendant. This evidence in support of the motion was not met with any admissible evidence to the contrary upon which the court could base a finding that an actual agent of defendant was served. The law requires service upon such a person, *News-Press Pub. Co.*, supra, if the registered agent is not served or substitute service is not utilized, as provided by OCGA §§ 9-11-4 (d) and 14-2-504.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 5, 1990.

Alston & Bird, G. Conley Ingram, Peter M. Degnan, John E. Stephenson, Jr., for appellant.
Robert E. Flournoy III, for appellee.