A92A2090. SCOVILL FASTENERS, INC. v. SURE-SNAP
CORPORATION et al.
(428 SE2d 435)

McMURRAY, Presiding Judge.

Plaintiff Scovill Fasteners, Inc. filed this contract action against defendants Sure-Snap Corporation and Contitrade Services Corporation, both of whom were served under the provisions of Georgia's Long Arm Statute, OCGA § 9-10-91. Each of the defendants moved for dismissal of plaintiff's complaint on the ground of lack of personal jurisdiction over the person due to the absence of actions on their part which amounted to purposefully established minimum contacts with Georgia. Plaintiff appeals from the grant of defendants' motions. *Held:*

"Our precedents establish that a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. *Easterling v. Easterling,* 231 Ga. 90 (200 SE2d 267) (1973); *Smith v. Smith,* 223 Ga. 551 (156 SE2d 916) (1967). A motion to dismiss for lack of personal jurisdiction must be granted if there are insufficient facts to support a reasonable inference that defendant can be subjected to the jurisdiction of the court. To demonstrate that the court lacks jurisdiction, defendant may raise matters not contained in the pleadings. However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. See Uniform Superior Court Rule 6.1. See also *Behar v. Aero Med Intl.,* 185 Ga. App. 845, 846 (366 SE2d 223) (1988). Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Id. at 846.

"The trial court considering a motion to dismiss for lack of jurisdiction has discretion to hear oral testimony or to decide the motion on the basis of affidavits and documentary evidence alone pursuant to

OCGA § 9-11-43 (b). *McPherson v. McPherson,* 238 Ga. 271 (232 SE2d 552) (1977). If the motion is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits are resolved in favor of plaintiff. See generally, C. Wright and A. Miller, 5 Federal Practice and Procedure, § 1351 (West 1969, 1989 Supp.). Further, if a motion is decided on the basis of the written submissions, the reviewing court is in an equal position with the trial court to determine the facts and therefore examines the facts under a non-deferential standard. Cf. *Carole Lyden Smith Enterprises, Inc. v. Mathew,* 193 Ga. App. 320 (387 SE2d 577) (1989)." *Beasley v. Beasley,* 260 Ga. 419, 420 (396 SE2d 222).

The first count of plaintiff's complaint seeks a recovery from defendant Sure-Snap on an unsecured promissory note. Sure-Snap is a New York Corporation which, until June 30, 1991, maintained an office in Miami. The note in question was executed pursuant to a confirmed Chapter 11 plan approved by the bankruptcy court in Miami, was executed in Miami, and is dated January 2, 1989.

Plaintiff and Sure-Snap are parties to a nonexclusive distributor agreement dated September 13, 1989, under which Sure-Snap accepts appointment as a distributor for the sale of plaintiff's products for a term of ten years. Under a buy-back provision of this contract plaintiff agrees under certain circumstances to buy back certain attaching machines from Sure-Snap. The buy-back agreement provides for an offset by which the purchase price of the machines tendered back to plaintiff is reduced by amounts owed on the 1989 promissory note. The nonexclusive distributor agreement was negotiated in New York, provides that it is governed by New York law, and contains a New York address for plaintiff.

Count 2 of the complaint seeks a recovery for a sum owed for goods ordered by Sure-Snap pursuant to the nonexclusive distributor agreement. These orders were placed by a Sure-Snap employee in either New York or Miami who telephoned plaintiff's sales representative and the goods were shipped to Sure-Snap in either New York or Miami.

Defendant Contitrade is an assignee of certain of Sure-Snap's rights under the nonexclusive distributor agreement with plaintiff, including those arising under the buy-back provision. Plaintiff consented to the assignment agreement which was negotiated and executed in New York. Plaintiff has been notified by Contitrade of its intention to require plaintiff to buy back certain machinery under the buy-back provisions of the nonexclusive distributor agreement. No employee or agent of Contitrade has traveled to Georgia in connection with this transaction and the only contact by Contitrade with plaintiff related to Georgia has been approximately four telephone calls and five letters. In Count 3 of its complaint, plaintiff seeks a declaration

of its rights in light of the assignment to Contitrade and the fourth count raised similar issues and sought reformation of the terms of the nonexclusive distributor agreement.

In its order granting defendants' motions to dismiss, the superior court relied on the following excerpt from *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892 (380 SE2d 303): "Georgia's Long Arm Statute states that the courts of this State may exercise personal jurisdiction over any nonresident as if he were a resident of the State, if in person or through an agent he: '(1) Transacts any business within this State. . . .' This has been interpreted to mean that 'purposeful acts' must have been performed by the defendant to tie it to the State, and '(m)ere telephone or mail contact with an out-of-state defendant, or even the defendant's visits to this state, is insufficient to establish the purposeful activity with Georgia required by the "Long Arm" statute. The United States Supreme Court has held that an individual's contract with an out-of-state party *alone* cannot automatically establish sufficient minimum contacts in the other party's home forum, and that the contract is ' "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." It is these factors — prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing — that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.' " (Citations omitted.) Id. at 893.

Plaintiff acknowledges that *Mayacamas* is a correct statement of the applicable principles of law, but contends that the case sub judice may be distinguished on the facts. Since we do not agree, the judgment of the superior court is affirmed.

Plaintiff suggests that *Mayacamas* is distinguishable because of the lengthy course of dealing between plaintiff and Sure-Snap when compared to the relatively isolated contract for the purchase of an airplane in that case. However, the lengthy course of dealing to which plaintiff refers, whatever transactions between plaintiff and Sure-Snap preceded the promissory note, are not disclosed by any evidence in the record. The promissory note itself reflects the judgment of the bankruptcy court, is not illustrative of any contractual relationship which preceded it, and has no connection with Georgia.

The more recent relationship between plaintiff and Sure-Snap as shown by the nonexclusive distributor agreement fails to demonstrate any significant connection with Georgia. The nonexclusive distributor agreement was negotiated and signed in New York, states a New York address for both parties to the contract, and by its terms is to be construed under the law of that state. The individual orders placed by Sure-Snap with plaintiff while submitted via telephone calls to

Georgia were nothing more than the contemplated consequences of the nonexclusive distributor agreement. While plaintiff has argued that certain "Conditions of Sale," incorporated by reference into the nonexclusive distributor agreement, provided that these individual orders be construed as Georgia contracts, this contention is not supported by the record. As noted in *Mayacamas*, mere mail and telephone contact and even defendant's visits to this state are insufficient to establish the purposeful activity required under the Long Arm Statute. The conduct of defendant Sure-Snap has not included the purposefully directed activities as would establish a tie or minimum contacts with Georgia sufficient to provide a basis for Sure-Snap anticipating being haled into court in Georgia.

The superior court's analysis of the circumstances in the case sub judice is focused in large part upon the physical location of the defendants when they conducted negotiations or executed various contracts. However, as demonstrated in *White House v. Winkler*, 202 Ga. App. 603, 604 (415 SE2d 185), there is no prerequisite to jurisdiction requiring that a defendant has ever been physically within Georgia while executing a contract or conducting negotiations, and the physical location from which a defendant conducts negotiations or executes documents is not alone determinative of whether a defendant has established minimum contact with the forum. While the evidence of record in the case sub judice establishes that plaintiff's New York office did not handle the Sure-Snap account, it does demonstrate that plaintiff and Sure-Snap conducted business in New York. Indeed, their business relationship was controlled by the contract negotiated and executed in New York rather than by the incidental contacts with Georgia which arose as contemplated consequences of the New York contract.

Plaintiff's arguments that Georgia may properly exercise jurisdiction in regard to defendant Contitrade are predicated in large part on Contitrade's status as assignee of defendant Sure-Snap. Insofar as Contitrade stands in the shoes of Sure-Snap such provides no support to plaintiff's position. Neither does the assignment contract create any tie with Georgia. Finally, the notice to plaintiff in Georgia that Contitrade chose to exercise its rights under the buy-back provision of the nonexclusive distributor agreement does not alter our view of the status of the parties as such was no more than a contemplated consequence of the nonexclusive distributor agreement. The superior court did not err in granting defendants' motions to dismiss. *Klein v. Allstate Ins. Co.*, 202 Ga. App. 188 (413 SE2d 777); *Mayacamas Corp. v. Gulfstream Aerospace Corp.*, 190 Ga. App. 892, supra. The motion of defendant Contitrade for imposition of frivolous appeal penalty pursuant to Court of Appeals Rule 26 (b) is denied.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 26, 1993.

*Kimzey, Kimzey & York, M. Keith York*, for appellant.
*Lefkoff, Duncan, Grimes & Miller, Joseph Lefkoff, Kimberly A. Richardson, Palmer & Berman, Jeffrey N. Berman*, for appellees.