A93A0234. BOWERS v. ECONOMATION, INC.
(431 SE2d 420)

McMURRAY, Presiding Judge.

Plaintiff Allen L. Bowers brought an action against defendant Economation, Inc. ("Economation"), an Indiana corporation, seeking damages under a strict liability theory. Jurisdiction was predicated under the Georgia Long-Arm Statute, OCGA § 9-10-91, and it was

alleged that service could be perfected by serving Economation's registered agent, Donald W. Lochman, at 8502 Brookville Road, Indianapolis, Indiana. According to the affidavit of service, a deputy sheriff of Marion County, Indiana, served Economation on September 12, 1991, by leaving a copy of the complaint with Sharon Newton, a "secretary," at the Brookville Road address set forth in the complaint.

Economation failed to answer the complaint and a default judgment, in the amount of $300,000 was entered against it on November 4, 1991. Thereafter, Economation moved to set aside the judgment. In support of its motion, Economation submitted the affidavits of Marc Farris, Sharon Newton and Fred Hafdelin.

Mr. Farris deposed that he is the Vice-President of Finance for Pentek Corporation ("Pentek") and that in January 1991, Economation was merged into Pentek and ceased to exist as a separate legal entity; that, on September 12, 1991, Sharon Newton was a receptionist for Pentek; and that Ms. Newton was not authorized to accept service of process for either Economation or Pentek. He also deposed that he became aware of the deputy sheriff's attempt to serve the corporation by leaving a copy of the complaint with Ms. Newton and that, within the next day or two, he sent the complaint to GAB Business Services, Inc. ("GAB"), "in accordance with a contractual agreement under which [GAB] was to have filed an answer to the suit. . . ." Finally, Mr. Farris deposed that "defendant was unaware that defenses had not been filed until a default judgment was entered. . . ."

Ms. Newton deposed that on September 12, 1991, she was employed as a receptionist for Pentek; that she had never been "an officer, cashier, managing agent or agent authorized to accept service of process either for Pentek Corporation or Economation, Inc."; that she never had supervisory or managerial responsibilities in the course of her employment.

Mr. Hafdelin deposed that he is a litigation account manager for GAB and that his office received a copy of the complaint and summons on September 16, 1991; that the summons and complaint were placed in a hard file; and that the hard file was mistakenly put in a filing cabinet without being entered in GAB's computer and without being assigned to counsel.

The trial court granted Economation's motion to set aside the judgment, finding that Economation was not properly served with process. When plaintiff elected to stand by the original attempt at service, the trial court dismissed his complaint for lack of service of process. Plaintiff appealed. *Held*:

OCGA § 9-10-94 provides: "A person subject to the jurisdiction of the courts of the state under Code Section 9-10-91 [Georgia's Long-Arm Statute], or his executor or administrator, may be served with a summons outside the state in the same manner as service is made

within the state by any person authorized to make service by the laws of the state, territory, possession, or country in which service is made or by any duly qualified attorney, solicitor, barrister, or the equivalent in such jurisdiction." The statute makes it clear that in order to perfect service under the Long-Arm Statute outside of the state, the summons is to be served "in the same manner as service is made within the state. . . ."

Within the state, service is to be made upon a corporation incorporated or domesticated under the laws of this state by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof. . . ." OCGA § 9-11-4 (d) (1). If the action is against a foreign corporation doing business and having an agent within this state, service is to be made by delivering a copy of the summons and complaint "to such agent . . . or to an agent designated for service of process. . . ." OCGA § 9-11-4 (d) (2).

It is not every agent who can be served with process under Georgia law. To perfect service, a copy of the complaint and summons must be delivered to a person whose "position is such as to afford reasonable assurance that he will inform his . . . principal that such process has been served upon him." *Scott v. Atlanta Dairies Cooperative*, 239 Ga. 721, 723 (2), 724 (238 SE2d 340). Thus, although it is not necessary for the person who is served to be an officer of the corporation, *Ogles v. Globe Oil Co., U.S.A.*, 171 Ga. App. 785, 786 (320 SE2d 848), service upon a mere receptionist will not suffice. *Citizens Bank of Hapeville v. Alexander-Smith Academy*, 226 Ga. 871 (178 SE2d 178); *Whatley's Interiors v. Anderson*, 176 Ga. App. 406 (336 SE2d 326); *Adair Realty Co. v. Greenbriar-Fulton, Inc.*, 149 Ga. App. 669 (255 SE2d 128). It follows that service was not properly perfected upon Economation and that the trial court did not err in granting Economation's motion to set aside the judgment.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED MAY 7, 1993 —
RECONSIDERATION DENIED MAY 20, 1993

*Vansant, Corriere & McClure, Alfred N. Corriere, Del Percilla, Jr.*, for appellant.

*Watson, Spence, Lowe & Chambless, Thomas S. Chambless, Dawn G. Benson*, for appellee.