## A98A0200. G. J. SORACCO, M.D., P.C. v. DOMINECK.
(502 SE2d 732)

POPE, Presiding Judge.

Plaintiff Susie H. Domineck brought a medical malpractice action against Dr. G. J. Soracco and his professional corporation, G. J. Soracco, M.D., P.C. Defendants filed a joint answer, raising the defense of insufficiency of service of process. Subsequently, defendants filed a motion to dismiss and a motion for summary judgment, on the grounds that service of process was defective as to both defendants and that the statute of limitation had expired on plaintiff's malpractice claim. Plaintiff then filed a motion for the appointment of a process server. However, it is undisputed that this second service was outside the statute of limitation. The trial court granted defendant Dr. Soracco's motion for summary judgment, finding that the action against him was time barred because service was not made in a proper and timely manner. However, the trial court denied the professional corporation's motion for summary judgment, finding that it was "timely and properly served, as process was left with a corporate employee of suitable discretion." This appeal follows our grant of the corporation's application for interlocutory review.

The record shows that process was served upon Bessie Coverson, Dr. Soracco's medical assistant. Coverson testified in her deposition that she had worked for Dr. Soracco for approximately 30 years, although prior to 1979 she worked in Dr. Soracco's home as a domestic helper as well as his office. Coverson testified that her job was to assist Dr. Soracco with his patients by being in the room when he examined female patients, by reviewing charts for past due accounts, and by placing the charts in order for the next day's appointments. Coverson testified that she also worked in the front part of the office when the secretary/office manager was absent, but that it was rare (less than one occasion per week) for the secretary to be absent. During those times she would answer the phone and make appointments. She also testified that she had on occasion received UPS deliveries, and that she sometimes goes through the mail in order to place separate magazines out for placement in the waiting room, but that she never opens the mail, which she places on the secretary's desk.

Coverson further testified that she was alone in the office on the

day process was served, and that a person in a brown uniform came into the office and said she had some papers for Dr. Soracco. Coverson testified she did not pay attention to the uniform and did not notice any patches or identifying characteristics. According to Coverson, the deputy asked her if Dr. Soracco was in the office, and when Coverson said he was not, asked Coverson if she could sign for some papers for him. Coverson responded affirmatively. Coverson testified that she did not know what she was signing for and that the papers were in an envelope, which she placed on the doctor's desk. She testified that it was not until the next day that Dr. Soracco informed her what the papers were and told her that they should have been given to him personally. Both Dr. Soracco and Coverson submitted affidavits stating that Coverson had not been designated as an agent for service for the corporation, nor had she been authorized to accept service on behalf of the corporation. Dr. Soracco also averred that Coverson's duties were purely of a medical nature, and that she performed no managerial duties.

OCGA § 9-11-4 (d) provides that a corporation may be served by delivering the summons and complaint to "the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof. . . ." "In order for an employee to be authorized to accept service on behalf of a corporation, it is necessary that the employee's position be 'such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him.' *Scott v. Atlanta Dairies Co-Op*, 239 Ga. 721, 724 (238 SE2d 340) (1977). . . . However, if the employee is not an officer or has not been expressly designated by the corporation to receive service, it is necessary that he or she occupy some position of managerial or supervisory responsibility within the organization. See *Headrick v. Fordham*, 154 Ga. App. 415 (1) (268 SE2d 753) (1980). Accord *Citizens Bank of Hapeville v. Alexander-Smith Academy*, 226 Ga. 871 (178 SE2d 178) (1970); *Adair Realty Co. v. Greenbriar-Fulton*, 149 Ga. App. 669 (255 SE2d 128) (1979)." *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (2) (336 SE2d 326) (1985).

The trial court erred in denying the corporation's motion under the undisputed facts of this case. The evidence is uncontradicted that Coverson had no managerial or supervisory responsibilities. To the contrary, the evidence shows that although she had been a long-time employee of the doctor and of the corporation, she had very well-defined and limited duties. This is not a case where she represented to the serving officer that she had authority to accept service; Coverson testified that she did not know the nature of the documents for which she signed. Cf. *Murray v. Sloan Paper Co.*, 212 Ga. App. 648 (442 SE2d 795) (1994). The officer's return of service, which merely states that service was "notorious," does not contradict Coverson's

testimony. Nothing about her title or position would give rise to the reasonable assumption that she was an agent for corporate service. Cf. *Floyd v. Piedmont Hosp.*, 213 Ga. App. 749, 750 (1) (445 SE2d 844) (1994). "[A]lthough it is not necessary for the person who is served to be an officer of the corporation, [cit.], service upon a mere receptionist will not suffice. [Cits.]" *Bowers v. Economation, Inc.*, 208 Ga. App. 661, 663 (431 SE2d 420) (1993). See also *Ludi v. Van Metre*, 221 Ga. App. 479, 481-482 (471 SE2d 913) (1996). The trial court's order insofar as it pertains to the defendant corporation is reversed.

*Judgment reversed. Ruffin, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur specially to focus on the deputy's return of service on the corporation. She filled in the form as follows, checking and marking the section entitled "NOTORIOUS": "I have this day served the defendant G.J. Soracco M.D., P.C. by leaving a copy of the action and summons at his most notorious place of abode in this County. Delivered same into hands of Mrs. Bessie Coverson (Med. Asst.) described as follows[:] age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant."

There is a section on the form, immediately under the portion utilized and designated "CORPORATION," for return of service on an entity such as Dr. Soracco's professional corporation. That section, which was left blank and unchecked, reads: "Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County."

There are two points of factual significance. The return of service is patently inaccurate. First, the professional corporation has no "place of abode" in the county. That concept applies to individuals, not corporations. See OCGA § 9-11-4 (d) (7). Second, Coverson was not a resident of the address at which service was attempted, i.e., the location of the corporate office.

Legally, of course, the method of service authorized by OCGA § 9-11-4 (d) (7) cannot be used to accomplish service of process on a corporation. The methods provided in subsection (d) (1) are the proper ones.

This defect is controlling, and there is no necessity to proceed to an analysis of whether Coverson was a proper person to be served on behalf of the corporation.

Even if the further step were necessary for resolution of the issue on appeal, we could not effectively transfer the handwritten information to the section on corporations so as to legitimize the ser-

vice. The deputy's failure to choose the section regarding service on a corporation shows that the deputy never understood, nor intended to convey, that she believed Coverson was an agent or in charge of the office or one of the persons designated by the Code for receipt of service. As handwritten by the deputy, she simply identified Coverson as a medical assistant, not a person having any supervisory or managerial responsibilities.

Defendant submitted uncontradicted affidavits from Dr. Soracco and Coverson that she had no such responsibilities. With that, service would be ineffectual. See *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (2) (336 SE2d 326) (1985). Regardless of what level of deference we accord the trial court's findings of fact, the record reflects no evidence in favor of a finding Coverson was authorized to accept service of process. See *Due West Assoc. v. Renfroe Mining &c. Co.*, 194 Ga. App. 397 (391 SE2d 13) (1990). A medical assistant who serves periodically as a receptionist, even if the office is otherwise empty at times, is alone insufficient. See *Bowers v. Economation, Inc.*, 208 Ga. App. 661, 663 (431 SE2d 420) (1993).

I concur in the judgment because of the deficient, inaccurate return.

DECIDED APRIL 2, 1998 —
RECONSIDERATION DENIED JUNE 30, 1998 — ▆▆▆▆▆▆▆

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, James B. Manley, Jr.*, for appellant.

*Slater, King & Gross, Cary S. King, Andrew N. Gross*, for appellee.