A04A0914. McRAE v. WHITE.
(604 SE2d 291)

SMITH, Chief Judge.

This interlocutory appeal arises out of the trial court's denial of the motion to dismiss filed by defendant Joshua McRae. Because we conclude that McRae presented affirmative evidence that service was improper and that plaintiff Wendy White failed to rebut this evidence, we reverse.

---

[12] Supra.
[13] 181 Ga. App. 887 (354 SE2d 434) (1987).

White filed this personal injury action against McRae on November 8, 2002, alleging that she was a passenger in a car driven by McRae when the car was involved in a collision with another vehicle on November 12, 2000.[1] According to the affidavit of service executed by a private process server on November 15, 2002, on November 14, 2002, the summons and complaint were handed to an individual residing at "545 Kennesaw Dr., Smyrna, GA 30080." The process server identified this individual as "Jennifer White, Roommate." McRae challenged service in his answer and on June 10, 2003, moved to dismiss the complaint on the ground that service was invalid. In support of his motion, McRae testified by affidavit that on November 14, 2002, he lived at 545 Kennesaw Drive in Smyrna, that he had lived in that residence "several months prior to" this time and that the address was "his sole residence until sometime around March, 2003." He further testified that no female resided at the address during the time he lived there, that he did not know any female by the name of Jennifer White, and that if a female by that name was served with process, "that individual was not residing at 545 Kennesaw Drive, Smyrna, Georgia at that time."

On July 9, 2003, White filed an "amended affidavit of service" listing the same Smyrna address and reciting that the summons and complaint "were served by handing to Jennifer White, Co-Resident of Joshua McRae." In a separate paragraph, the process server testified that "Ms. White answered the door on November 14, 2002 at approximately 7:15 p.m. and identified herself as a resident of the above referenced address and she also identified Joshua McRae as a resident of the same address. Ms. White appeared to be a female over the age of 18."

In his motion to dismiss, McRae contended that he was not legally served with process within the applicable statute of limitation. The trial court denied the motion on the ground that McRae had "failed to present clear and convincing evidence which would warrant setting aside the return of service." The trial court issued a certificate of immediate review, and this court granted McRae's application for interlocutory appeal.

It is well established that a return of service "can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995). See also *Campbell v. Coats*, 254 Ga. App. 57,

---

[1] McRae's mother, Mary Siddock, was also named as a defendant. Summary judgment was granted in favor of Siddock, and she is not a party to this appeal.

58 (1) (561 SE2d 195) (2002); *Due West Assoc. v. Renfroe Mining &c. Co.*, 194 Ga. App. 397 (391 SE2d 13) (1990).

In *Yelle*, supra, the sheriff's return of service reflected that service was not made on the defendant personally but was made by leaving a copy of the summons and complaint with defendant's wife, who was purportedly " 'domiciled at the residence of defendant.' " Id. at 46. The defendant filed a motion to dismiss. Affidavits submitted in support of the motion showed that the place where service was made was the daughter's residence, not that of the defendant or his wife, and the affidavit of a business associate recited that at the time of service, the defendant and his wife lived in another state. Id. at 46-47. In reversing the trial court's denial of the defendant's motion for summary judgment, we stated that the return of service did "not show that the sheriff had direct, personal knowledge that the residence where service was made was [defendant's] dwelling house or usual place of abode or that [defendant's] wife, to whom the action was handed, resided there." Id. at 47. We also found, in contrast, that the defendant's affidavits concerning residence "were based on the direct, personal knowledge of the affiants and were sufficient to carry [defendant's] burden to overcome the prima facie presumption that service was properly made in accordance with OCGA § 9-11-4 (d) (7)." Id. Because these affidavits "were uncontradicted and were direct, personal evidence that service was not accomplished in accordance with . . . OCGA § 9-11-4 (d) (7)," id., we stated that the trial court erroneously denied the defendant's motion to dismiss. Id.

Similarly here, McRae submitted direct, personal evidence that he did not know a person named Jennifer White and that no such person had ever resided at his residence. Plaintiff White, however, submitted only the affidavits of the process server. The process server stated in his original affidavit that he served "Jennifer White, Roommate," and he stated in his amended affidavit that Jennifer White, McRae's "co-resident," told him that she identified herself as a resident of the same address shared by McRae. These statements, however, were based on hearsay statements purportedly made by a "Jennifer White." McRae testified that he never knew a person by that name and that no one with that name ever lived at his residence. See *Due West Assoc.*, supra, 194 Ga. App. at 398. As in *News-Press Publishing Co. v. Kalle*, 173 Ga. App. 411 (1) (326 SE2d 582) (1985), "[w]hat we have in this case is the hearsay of the process server, evidenced by actions of another from which he inferred that" a "Jennifer White" resided at McRae's residence. McRae's affidavit, based on his own direct knowledge that no person named Jennifer White ever lived at his residence, must prevail over the affidavit testimony of the process server, who did not have such direct knowledge. Under the circumstances of this case, McRae traversed the

return of service based on evidence constituting "the strongest of which the nature of the case will admit." (Citations and punctuation omitted.) *Yelle*, supra, 216 Ga. App. at 47. The burden then shifted to White to rebut this evidence. See id. at 47. She failed in this regard. McRae was not properly served within the applicable statute of limitation, and the trial court erred in denying his motion to dismiss.

The cases cited by White are not controlling. Unlike the defendant in *Lebbos v. Davis*, 256 Ga. App. 1 (567 SE2d 345) (2002), McRae made an "affirmative showing that the return of service was false." Id. at 3. And neither *Stuart v. Peykan, Inc.*, 261 Ga. App. 46 (581 SE2d 609) (2003), nor *Habersham Metal Products Co. v. Huntsville Fastener &c.*, 216 Ga. App. 646 (455 SE2d 356) (1995), requires a different result. Those cases address motions to dismiss for lack of personal jurisdiction, see OCGA § 9-11-12 (b) (2), and state that if a motion to dismiss for lack of personal jurisdiction is decided solely on the basis of written submissions, factual disputes must be resolved in favor of the plaintiff. *Stuart*, supra at 47; *Habersham Metal*, supra at 646. Both cases address the issue of whether the defendants had established contacts with this State sufficient to allow the plaintiffs to exercise long arm jurisdiction under OCGA § 9-10-91. But even if a court has personal jurisdiction over a defendant, an action may be subject to dismissal on the basis of insufficient service of process. See OCGA § 9-11-12 (b) (5). No issue has been raised as to whether the trial court in this case properly exercised personal jurisdiction over McRae under OCGA § 9-11-12 (b) (2). Rather, the issue is whether he was properly served with process.

Statutes addressing personal service must be "strictly construed because notice is the very bedrock of due process. [Cit.]" *Headrick v. Fordham*, 154 Ga. App. 415, 417 (2) (268 SE2d 753) (1980). Among other things, OCGA § 9-11-4 (e) (7) requires service on a defendant personally or on a person residing in his home. Strictly construing this provision, we must conclude that service was not properly made on McRae. He presented unrebutted evidence based on his direct knowledge that no person named Jennifer White was, or ever had been, a resident of his home. Again, McRae's motion to dismiss should have been granted.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 3, 2004.

*Claxton & Claxton, William P. Claxton, Darcy S. Duval,* for appellant.

*Matthews & Steel, John D. Steel, John B. Briggs,* for appellee.