A03A1767. FIRST NATIONAL BANK OF AMES, IOWA v. INNOVATIVE CLINICAL & CONSULTING SERVICES, LLC.
(634 SE2d 88)

SMITH, Presiding Judge.

In *Innovative Clinical & Consulting Svcs. v. First Nat. Bank &c.,* 279 Ga. 672 (620 SE2d 352) (2005), the Georgia Supreme Court affirmed Division 2, disapproved language in Division 3, and reversed Division 1 of our opinion in *First Nat. Bank &c. v. Innovative Clinical & Consulting Svcs.,* 266 Ga. App. 842 (598 SE2d 530) (2004). The Supreme Court remanded the case to this court for action not inconsistent with its opinion. On remand, applying our Supreme Court's more expansive construction of OCGA § 9-10-91 (1), we conclude that the trial court correctly exercised personal jurisdiction over the Iowa bank. We therefore affirm the trial court's denial of the bank's motion to dismiss.

In Division 1 of our prior opinion, we concluded that the trial court had no personal jurisdiction over the bank under subsection (1) of Georgia's Long Arm Statute, OCGA § 9-10-91 (1).[1] In its opinion, the Georgia Supreme Court recognized that "no explicit legislative limiting conditions" were placed upon subsection (1) of OCGA § 9-10-91. It held that just as we may not expand subsection (3) of the statute in conflict with the express limitations placed upon it by the Georgia General Assembly, so we may not constrict subsection (1) of the statute by engrafting upon it limitations the legislature has not enacted. *First Nat. Bank,* supra, 279 Ga. at 675. The Supreme Court therefore expressly overruled prior decisions "that fail to accord the appropriate breadth to the construction of the 'transacting any business' language of OCGA § 9-10-91 (1)." Id. at 676.

In so doing, the Supreme Court also recognized that this court, believing "it was bound by prior precedent, . . . did not fully consider whether the trial court had personal jurisdiction over the Iowa bank under OCGA § 9-10-91 (1)." *First Nat. Bank,* supra, 279 Ga. at 676. The Supreme Court therefore vacated Division 1 of our opinion and remanded the case to this court for action consistent with the now-broader scope of OCGA § 9-10-91 (1). Id.

---

[1] The facts of this case are fully set forth in *First Nat. Bank,* supra, 266 Ga. App. at 842-843.

Divisions 1 and 3 of our opinion are hereby vacated and the opinion of the Supreme Court made the opinion of this court. As directed, we now consider whether, consistent with the maximum extent permitted by procedural due process, the trial court has personal jurisdiction over the Iowa bank.

We conclude, as did the trial court, that it does. Although the bank did not have a physical presence in this state, it is undisputed that the bank had both telephone and written communication with Innovative Clinical & Consulting Services, LLC (ICCS) with regard to the Iowa bank accounts. Without question, those bank accounts were a part of the bank's "business." In the course of that business, when the bank's customer, Med e Fund, failed to make payments on the lease agreement, the bank sought to hold ICCS, a Georgia entity with no connection to Iowa, responsible. Even if the bank did not "regularly" conduct business or engage in a "persistent course of conduct" in Georgia, OCGA § 9-10-91 (3), no doubt exists that the bank sought to derive economic benefit from its interstate business activity involving ICCS. To that end, its postal, telephone, and other intangible Georgia contacts suffice to bring it within the purview of OCGA § 9-10-91 (1). See generally *Aero Toy Store v. Grieves*, 279 Ga. App. 515 (631 SE2d 734) (2006).

We must also consider whether these acts meet the constitutional standard for minimum contacts. See *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 60 (195 SE2d 399) (1973). Clearly, the bank's "business" was not brought to Georgia through a "unilateral action" of ICCS. See *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 474-475 (105 SC 2174, 85 LE2d 528) (1985). The bank sought out ICCS when its Iowa customer defaulted, and Georgia has an interest, as does every state, in providing its own citizens with a convenient forum for redressing injuries wrought by nonresidents who have sought the state's citizens out for the purpose of business gain. Id. at 473-474.

Because the bank transacted some business in Georgia, even if only with this one customer, and because that business was sufficient to meet the constitutional standard for minimum contacts with this state, we conclude that the trial court did not err in denying the bank's motion to dismiss for lack of personal jurisdiction.

*Judgment affirmed. Ruffin, C. J., and Miller, J., concur.*

DECIDED JUNE 20, 2006 —
RECONSIDERATION DENIED JULY 10, 2006 —

*Powell & Goldstein, William V. Custer IV, Jennifer B. Dempsey,* for appellant.

*Raiford & Dixon, Tyler C. Dixon,* for appellee.